## SUPREME COURT.

THOMAS FOSTER, plaintiff in error, agt. THE PEOPLE, defendant in error.

The omission to mention in the indictment certain articles taken by a burglar does not necessarily prevent proof of their theft, if the same constituted a part of the transaction on which the indictment was found.

An objection made to the introduction of evidence not based upon fact, is tantamount to a waiver of the right to object to the introduction of the articles contained in a box, which had not been objected to on tenable grounds.

*First Department, General Term, October,* 1874.

WRIT of error to the court of general sessions for the city and county of New York.

*Wm. F. Howe,* for plaintiff in error.

*B. K. Phelps,* district attorney, for defendant in error.

DANIELS, *J.*—The prisoner was convicted of the crime of burglary in the third degree, committed by breaking and entering a store in the nighttime, and stealing therefrom certain goods kept there for sale. It was claimed in his behalf that the crime of burglary was not established by the evidence. But as it appeared that the scuttle had been forced open and the lock of the back door had been burst off, through which the entry in the store had been made, no reason existed for the support of that objection.

Among the articles missed from the store in the morning,

when the burglary and theft were discovered, was a quantity of cigars, not mentioned in the indictment. That they had disappeared with the articles which were set forth was allowed to be proven by the court. Their theft constituted a part of the transaction on which the indictment was found, and for that reason no well founded objection could be taken to the allowance of proof of the fact. It was a part of the same act which constituted the crime charged, and admissible as a circumstance showing its nature and extent.

A box containing burglars' tools, found in the office of Adams Express Company, at Boston, shortly after the burglary, was produced and identified at the trial. By a witness residing opposite to the prisoner it was shown that the box had been made for him by a carpenter working in the vicinity, and that it had afterward been taken by the prisoner to his own residence, and sent away from there in an express wagon. It was marked with the name of Foster, and found at the express office at Boston, while he and another person were there for the probable purpose of taking it away. This was certainly sufficient to connect the prisoner with it, and to warrant the court in receiving it as evidence, as long as no other, or different, objection was taken to its admissibility. It was simply objected to, because it was in no way proven to be connected with the prisoner. In view of the evidence given upon the subject this objection was without the least colorable support.

After the box and its contents had been received in evidence, objection was made to the witness stating what the jimmy, drill and fuse were, and after the prosecution rested a motion was made to strike out the evidence given as to the contents of the box and the description of the instrument; but as the box and its contents had been received and placed before the jury without violating any of the prisoner's rights, no harm could be done to him by permitting the officer to name the instruments produced. He waived the right to object to them as evidence by specifically restricting and con-

Foster agt. People.

fining his objection to a particular reason having no foundation in the case. After that no valid objection could exist to evidence showing the names of some of the articles contained in the box. By the form in which the objection was made, the defendant, in substance, conceded that the box and its contents were proper evidence if he had been sufficiently shown to be connected with them. After that virtual concession, and the box and its contents were received in evidence, and the prosecution rested the case, it was too late to allow the motion to strike out the evidence to prevail (*Quinn* agt. *Lloyd*, 41 *N. Y.*, 349).

No other objections have been taken to the propriety of the prisoner's conviction; and as those considered can neither of them be maintained, the judgment should be affirmed.

DAVIS, P. J., and BARRETT, J., concurred.