THOMAS FOSTER, PLAINTIFF IN ERROR, v. THE PEOPLE, DEFENDANTS IN ERROR.

*Evidence — what admissible on criminal trial.*

Upon the trial of the plaintiff in error for burglary, evidence was received showing the disappearance of certain cigars, which were not mentioned in the indictment, with the articles which were therein mentioned. *Held*, that the evidence was properly admitted. The theft of the cigars constituted a part of the transaction on which the indictment was found, and was admissible as a circumstance showing its nature and extent.

A box containing burglars' tools, found in the office of the Adams Express Co., at Boston, shortly after the burglary, was produced and identified at the trial. It was proved that it was made for the prisoner ; that it was taken to his residence and sent away by an express wagon ; that it was marked with the name of Foster (his name) ; and that he, with another person, was at the express office when it was found. *Held*, that the evidence was sufficient to connect the prisoner with the box, and that an objection to its reception in evidence, on the ground that such connection was not sufficiently established, was not sustainable.

* Id., 377 ; Winship v. Jewett, 1 Barb. Ch., 173 ; Goodhue v. Churchman, id., 596.

† Code, § 469, and Rule 97 of this court.

After the box and its contents had been received in evidence, an officer was allowed to state the names of the drills, fuses, etc., found therein. *Held,* that this was proper. That as the box and its contents had been received without violating any rights of the prisoner, no harm could be done him by allowing the officer to name the articles found therein.

WRIT of error to the Court of General Session for the city of New York, to review the conviction of the plaintiff in error of the crime of burglary.

*Wm. F. Howe,* for the plaintiff in error.

*B. K. Phelps,* district attorney, for the defendants in error.

DANIELS, J. :

The prisoner was convicted of the crime of burglary in the third degree, committed by breaking and entering a store in the night-time, and stealing therefrom certain goods kept there for sale. It was claimed in his behalf that the crime of burglary was not established by the evidence. But, as it appeared that the scuttle had been forced open, and the lock of the back door had been burst off, through which the entry in the store had probably been made, no reason existed for the support of this objection.

Among the articles missed from the store in the morning, when the burglary and theft were discovered, was a quantity of cigars, not mentioned in the indictment. That they had disappeared with the articles which were set forth, was allowed to be proven by the court. Their theft constituted a part of the transaction on which the indictment was found, and, for that reason, no well founded objection could be taken to the allowance of proof of the fact. It was a part of the same act which constituted the crime charged, and admissible as a circumstance showing its nature and extent.

A box containing burglars' tools, found in the office of the Adams Express Company, at Boston, shortly after the burglary, was produced and identified at the trial. By a witness, residing opposite to the prisoner, it was shown that the box had been made for him by a carpenter working in the vicinity, and that it had afterward been taken by the prisoner to his own residence, and sent away from there in an express wagon. It was marked with the

name of Foster, and found at the express office at Boston, while he and another person were there for the probable purpose of taking it away. This was certainly sufficient to connect the prisoner with it, and to warrant the court in receiving it as evidence, as long as no other or different objection was taken to its admissibility. It was simply objected to, because it was in no way proven to be connected with the prisoner. In view of the evidence given upon the subject, this objection was without the least colorable support.

After the box and its contents had been received in evidence, objection was made to the witness stating what the jimmies, drill and fuse were; and, after the prosecution rested, a motion was made to strike out the evidence, given as to the contents of the box, and the description of the instruments. But as the box and its contents had been received and placed before the jury, without violating any of the prisoner's rights, no harm could be done to him by permitting the officer to name the instruments produced. He waived the right to object to them as evidence, by specifically restricting and confining his objection to a particular reason, having no foundation in the case. After that, no valid objection could exist to evidence showing the names of some of the articles contained in the box. By the form in which the objection was made, the defendant, in substance, conceded that the box and its contents were proper evidence, if he had been sufficiently shown to be connected with them. After that virtual concession, and the box and its contents were received in evidence and the prosecution rested the case, it was too late to allow the motion to strike out the evidence to prevail. * No other objections have been taken to the propriety of the prisoner's conviction; and, as those considered can neither of them be maintained, the judgment should be affirmed.

Davis, P. J., and Barrett, J., concurred.

Judgment affirmed.

* Quin v. Lloyd, 41 N. Y., 349.