(5 App. Div. 552.)

## GREEN v. HILL.

(Supreme Court, Appellate Division, Third Department. May 21, 1896.)

ACTION BY ASSIGNEE—EVIDENCE—SETTLEMENT WITH ASSIGNOR.

In an action on an account the complaint alleged the assignment of the account to plaintiff, and that there was due thereon a balance from defendant. Defendant denied that at the time of the assignment he was indebted to the assignee in any sum whatever, and alleged that he had fully paid all claims held against him by the assignor. The assignor testified that on several occasions defendant had given him checks. *Held*, that it was proper to ask the assignor if he ever repaid the amounts advanced to him by defendant, and whether before the dissolution of the partnership defendant advanced money in excess of the amounts advanced by the assignor.

Appeal from judgment on report of referee.

Action by James W. Green against Charles H. Hill on an account originally held by one Hervey Ross against defendant, and assigned to plaintiff before the commencement of the action. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Clark L. Jordan (John L. Hill, of counsel), for appellant.
William Green, for respondent.

HERRICK, J. This is an appeal from a judgment against the defendant, entered upon the report of a referee for the sum of $229, and interest thereon from the 22d of May, 1891, with costs and disbursements of the action. The plaintiff alleges that on or about the 17th day of April, 1894, for a good consideration, one Hervey Ross sold, assigned, and set over to him an account then held by said Ross against the defendant. Then follows an itemized statement of the account, and that the plaintiff is the lawful owner and holder of said account. The plaintiff then proceeds to take up each item of the account, and state what it is for. The ac-

count shows one payment of $25. Then follows a statement that there is now justly and fully due from the defendant to the plaintiff the sum of $229, and interest thereon from the 17th day of April, 1891.

The defendant, in his answer, among other things, denies that, at the time set forth in the complaint as the time of the transfer of said account, the defendant was indebted to the said Hervey Ross in any sum whatever. And, for a third answer, defendant alleges:

"That, prior to the time of the alleged and pretended transfer of the alleged and pretended claim set forth in the plaintiff's complaint, this defendant had fully paid and satisfied one and all claims against him by the said Hervey Ross; and, at the time of said alleged and pretended transfer, the defendant was not, and has not since been, indebted to the said Hervey Ross in any sum whatever."

For a further answer, the defendant also alleged that he and the said Hervey Ross had theretofore been co-partners in business, and that on the 4th day of May, 1894, the said Ross and defendant had a full and complete settlement of all their accounts, and dissolved their co-partnership relations; and that at that time he had no knowledge of the alleged assignment by Ross to the plaintiff; and that plaintiff was present at the settlement of such copartnership affairs, and participated therein.

Upon the trial, it appeared that Ross had been conducting a newspaper business, and that, some years prior to the transactions in question, he had sold out a half interest therein to the defendant, and that they thereupon became partners. With the exception of the sum of $50 claimed to be loaned by Ross to the defendant, the other items in the assigned account purport to be, one, for the unpaid balance of the purchase price of Ross' one-half interest in the newspaper business, and the other, the defendant's share in the purchase price of a stock of paper at the time they went into partnership. Upon the trial, the written instrument of dissolution and settlement between Ross and the defendant was offered and received in evidence, wherein appears the following clause:

"Third. In consideration of the premises, it is mutually agreed by said parties that the co-partnership heretofore existing between them under the firm name of Ross & Hill is hereby dissolved, and that all its affairs as between themselves are fully settled and adjusted."

The case was tried on the part of the plaintiff, and the referee seems to have acceded to that view of the case, upon the theory that this settlement only referred to the co-partnership affairs, and that the account in question had no relation to the co-partnership business, but was a personal and individual matter, outside of the co-partnership and its affairs. Upon the examination of Ross, it appeared that the defendant, on several occasions, had given Ross his checks, one for the sum of $200. The question was then asked, "Did you ever pay it?" This was objected to by the plaintiff as irrelevant, incompetent, and outside of the pleadings. The objection was sustained, to which the defendant excepted. The question was then asked, "Is it a fact that after the formation of your co-partnership, and prior to its dissolution, that defendant ad-

vanced money to Ross in excess of amounts advanced by Ross?" This was also objected to on the same grounds; the objection sustained, to which the defendant excepted. Upon the defendant's examination, the defendant was asked this question, "Did you advance money to the concern for Mr. Ross?" which was objected to, and excluded. It seems to me that the rejection of this evidence by the referee was error. The plaintiff, in his complaint, alleges the transfer to him of an account. His complaint is upon an account, upon which he alleges there is a balance due from the defendant. The defendant, as I have before stated in his answer, denies that, at the time of the assignment, he was indebted to Ross in any sum whatever, and further affirmatively answers that, before such assignment, he had fully paid and satisfied one and all claims held against him by Ross. It seems to me, therefore, that, under these allegations in the complaint and in the answer, the defendant had a right to show the advances made by him to Ross of moneys at different times, which should be applied upon the credit side of the account complained upon. Quin v. Lloyd, 41 N. Y. 349; Booth v. Powers, 56 N. Y. 22; Goodale v. Bank, 16 Wkly. Dig. 364.

For these errors, the judgment should be reversed, the referee discharged, and a new trial granted, with costs to abide the event. All concur.