WESTERVELT v. BURNS.

(Supreme Court, Appellate Term. April 21, 1899.)

1. TRIAL—EVIDENCE—MOTION TO STRIKE—DISCRETION.
      A motion to strike out evidence admitted without objection is addressed to the discretion of the court.
2. SAME—TIME OF OBJECTION.
      A party against whom a witness is called cannot, after the evidence is taken without objection, object to either the competency of the witness, or the form or substance of his testimony.
3. SAME—GENERAL OBJECTIONS.
      A general motion to strike out testimony, a part of which is competent, cannot prevail.

Appeal from municipal court, borough of the Bronx, Second district.

Action by George H. Westervelt against Thomas Burns. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Bennet & Silverman, for appellant.

LEVENTRITT, J. This was an action on an assigned claim. The defense was payment. From the evidence, the conclusion of the justice was fully warranted. There is but a single question of law presented for review, and it arises from a denial of the plaintiff's motion to strike out certain testimony. It having been introduced without objection, the disposition of the motion was with-

in the sound discretion of the court. Miller v. Montgomery, 78 N. Y. 282; Murray v. Fox, 39 Hun, 108, affirmed in 104 N. Y. 382, 10 N. E. 864. A party against whom a witness is called and examined cannot, as was done in the case at bar, lie by, and speculate on the chances, first learning what the witness testifies, and then, when he finds the testimony unsatisfactory, object either to the competency of the witness, or to the form or substance of his testimony. Quin v. Lloyd, 41 N. Y. 349. But, even if the plaintiff had preserved his right by a seasonable objection, the motion to strike out could not prevail, as it was general in form, and directed against testimony part of which was entirely competent. Spaulding v. Hallenbeck, 35 N. Y. 204; McCabe v. Brayton, 38 N. Y. 196. The judgment must be affirmed.