### ACHARAN et al. v. SAMUEL BROS.

(Supreme Court, Appellate Division, First Department.   April 21, 1911.)

PAYMENT (§ 63*)—PLEADING—NECESSITY.

   The rule that payment is an affirmative defense and must be specially pleaded to be available does not apply where plaintiff declares generally on a balance due, in which case both sides of the account are open under the general issue; but, where the complaint alleges a specific amount as originally due and admits partial payments thereon, additional payments relied on must be specifically pleaded, and cannot be shown under the general issue.

   [Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 152–161; Dec. Dig. § 63.*]

Appeal from Trial Term, New York County.

Action by Marcial Acharan and another against Samuel Bros. From a judgment dismissing the complaint, plaintiffs appeal. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Phanor J. Eder, for appellants.
Perry Allen, for respondent.

SCOTT, J.   Plaintiffs appeal from a judgment entered upon a dismissal of the complaint at Trial Term.   The action is for a balance claimed to be due upon a running account.   The complaint alleges that on June 1, 1906, an account was started between the parties, whereby it was found that the sum of $2,035.32 was due to the defendant; that thereafter business relations continued, in the course of which defendants received moneys belonging to plaintiff, and plaintiff paid out certain moneys on account of defendant, and became entitled to certain credits, all of which amounted to $19,148.55, which sum has been recognized and acknowledged by defendants as credits properly allowable to plaintiff.   Then follow these allegations:

   "(8) That of said sum of $19,148.55 no part has been paid except the sum of $16,261.60, made up of divers items, more particularly set forth in the annexed account marked 'Schedule B,' which is made a part of this complaint.

   "(9) That the defendant is further entitled to credit to the amount of $306.29 for interest on balance of account existing from time to time in its favor from said 1st day of June, 1906, and during the continuance of its business relations with the said firm of Acharan, Goicochea & Co.

   "(10) That after deducting the aforesaid amounts of $2,035.32 mentioned in paragraph 4, $16,261.60 mentioned in paragraph 8, and $306.29 mentioned in paragraph 9, there remains a balance due and owing by the defendant of $543.34, no part whereof has been paid, although due and duly demanded."

This Schedule B referred to in paragraph 8 consists of a list of items aggregating the sum of $16,261.60.   At the trial everything in the answer was withdrawn, except paragraph 2 thereof, which consisted of a general denial of paragraphs 8 and 10 of the complaint, which have been quoted verbatim above.   No evidence was offered

by either party at the trial and both moved for judgment. The court dismissed the complaint, and this appeal presents the sole question whether or not a general denial of allegations such as are contained in paragraphs 8 and 10 of the complaint puts the plaintiff to his proof that no more has been paid than he has given defendant credit for. By its admissions the defendant concedes that the total sum of $19,-148.55 has from time to time been due to plaintiff. Its denials do not call that figure in question. The general rule is that payment is an affirmative defense, and must be specially pleaded in order to be available, and cannot be proven under a general denial. In cases to which that rule is applicable, it is incumbent upon the defendant not only to allege payment, but to assume the burden of proving it. The rule is not, however, of universal application. The whole subject has recently been exhaustively discussed by two judges of the Court of Appeals in Conkling v. Weatherwax, 181 N. Y. 258, 73 N. E. 1028. In that case Judge Vann attempted to formulate certain rules upon the subject as fairly deducible from the adjudged cases. The second of these rules, which as it is claimed supports the judgment here appealed from, is as follows:

"When the complaint sets forth a balance of all payments, owing to the structure of the pleadings, it is necessary for the plaintiff to prove the allegations as made, and this leaves the amount of the payments open to the defendant under a general denial."

Judge Vann's opinion, as a whole, does not seem to have been concurred in by a majority of the court, and in some particulars was expressly dissented from. Chief Judge Cullen also wrote at length upon the general question, pointing out some of the apparent inconsistencies in our law upon the subject as it now stands. In the course of his opinion he said:

"It seems to be the settled law of this state that, except where the complaint declares generally on an indebtedness, a general denial does not put in issue the allegations of nonpayment, but to admit proof of payment the defendant must plead payment."

Both of the learned judges cite McKyring v. Bull, 16 N. Y. 297, 69 Am. Dec. 696, Quin v. Lloyd, 41 N. Y. 349, and White v. Smith, 46 N. Y. 418. In White v. Smith, supra, the complaint alleged that the plaintiffs had performed work for defendant to the amount of $541.90, and that there was due thereon, after deducting all payments made by defendant to the plaintiffs thereon, $175.75. The answer was a general denial. All that was held was the complaint admitted the payment of $366.15, being the difference between $541.90 and $175.75, and that consequently the defendant was not called upon to prove payment up to that amount. The question was not involved whether the defendant could have proved larger payments under his plea. In Quin v. Lloyd, supra, the plaintiff alleges employment at a certain rate per week, and that he had performed services thereunder whereby the defendant became indebted to plaintiff in a stated sum being the balance remaining due after sundry payments made by the defendant. The answer was a general denial. The court held

that the case was an exception to the general rule that payments, either as an entire defense or in mitigation of damages, must be pleaded. The decision was based upon the form of the pleading. Judge Lott said:

"There is no statement showing when the work commenced or ended, or of the time employed or from which it can be inferred. The averment that there was an indebtedness by the defendant to the deceased as 'the balance remaining after sundry payments made by the defendant to said Richard Quin' and the denial of the allegations in the complaint as to the employment and the indebtedness involved an issue upon the facts above stated, and denied, not only of the agreement and of the time when the deceased worked, but necessarily of the different payments made, so as to determine what in fact was the balance of the defendant's debt. That balance could not be ascertained without an inquiry as to the amount of the payments, as well as the value of the work performed."

Judge Woodruff, after remarking upon the phraseology of the complaint, said:

"This allegation I think invited an issue upon the question whether a balance of $333.07 was or was not due, and the answer of the defendant put that in issue."

McKyring v. Bull, supra, commented on and distinguished by Judge Lott in the case last cited, contains a learned and interesting discussion by Judge Selden as to what may and may not be proven under a general denial under our system of pleading. The complaint alleged that plaintiff had performed work for the defendant to the value of $650, and that "there is now due to this plaintiff over and above all payments and offsets on account of said work the sum of $134." This was equivalent to an admission that the amount of the payments and offsets was $516. White v. Smith, supra. The answer was a general denial, under which the defendant sought to prove payment as a defense and partial payments in mitigation of damages. The trial justice excluded the proof, and the accuracy of his ruling was the one question considered by the Court of Appeals, which sustained the ruling, holding that payment was new matter to be pleaded and proven in order to be availed of as a defense. It would seem from a review of these cases that the second rule enunciated by Judge Vann in Conkling v. Weatherwax, supra, is to be limited to cases in which the plaintiff declares generally upon a balance due, so as to leave both sides of the account open upon the general issue, but that when there is as in the present case the allegation of a specific amount as originally due and an admission of partial payments thereon a general denial puts in issue the original amount due, but does not permit of proof of payments thereon beyond the amount admitted in the answer. If it is claimed that more has been paid than is so admitted, payment must be alleged and proven by the defendant. The case then is precisely as if the plaintiff had admitted no payments at all and had simply declared upon the amount originally due, in which case the burden would clearly have rested upon the defendant to plead and prove payment. Lerche v. Brasher, 104 N. Y. 157, 161, 10 N. E. 58.

It follows, therefore, that the learned justice at Trial Term erred in dismissing the complaint. On the contrary, as the case stood, he should have directed judgment for the plaintiff.

Judgment reversed and new trial granted, with costs to appellants to abide the event. All concur.