Louis Isenburger, Respondent, *v.* Arrowhead Mills, Inc., Appellant.

Second Department, February 6, 1925.

Depositions — examination of adverse party before trial under Civil Practice Act, §§ 288, 289 and 290 — notice must, under Rules of Civil Practice, rule 121, be served at least five days before date of examination — court had power, under Civil Practice Act, § 294, in denying motion to set aside notice, to set new date for hearing seven days after entry of order.

A notice for the examination, under sections 288, 289 and 290 of the Civil Practice Act, of an adverse party before trial, must be served, under rule 121 of the Rules of Civil Practice, at least five days before the time specified therein for the taking of the testimony.

But while service of the notice in this case was not in accordance with the rule, the court had the power, under section 294 of the Civil Practice Act, on denying a motion to vacate the notice, to set the date of a new hearing seven days after the entry of the order, and this order overcame the irregularity in the service of the notice.

Appeal by the defendant, Arrowhead Mills, Inc., from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 17th day of October, 1924, denying its motion to vacate the service of a notice requiring its secretary to appear and submit to an examination

before trial, and also denying its motion to set aside the service of a subpœna *duces tecum*.

*J. Edward Murphy*, for the appellant, appearing specially.

*Jack Lewis Kraus, II*, for the respondent.

Per Curiam:

Plaintiff served notice, under sections 288, 289 and 290 of the Civil Practice Act, that he desired to take before trial the deposition of defendant's secretary as an adverse party, and at the same time he served a subpœna *duces tecum*. Defendant, appearing specially, moved at Special Term for an order setting aside the service. The motion was made upon the grounds that the service of the notice violated rule 121 of the Rules of Civil Practice, in that the notice was not served " at least five days before the time specified therein for the taking of the testimony," and that the person upon whom the subpœna was served was not handed the required fee by the process server. The objection to the non-payment of the fee was abandoned by defendant on appeal, and the only question presented is whether in the service of the notice there was a violation of rule 121.

Section 290 of the Civil Practice Act reads: " Notice of taking testimony by deposition. A party to an action desiring to obtain testimony therein by deposition shall give reasonable notice to his adversary." Rule 121 of the Rules of Civil Practice prescribes what, in the circumstances, reasonable notice is. It states in part: " Notice of taking testimony by deposition. The notice of taking testimony by deposition * * * shall be served at least five days before the time specified therein for the taking of the testimony."

Rule 121 is not restricted in its application to rule 120, which was undoubtedly framed for the purpose of amplifying the procedure by which, under the provisions of section 307 of the Civil Practice Act, the testimony of a person not a party may be taken for use upon a motion.

Service of the notice, therefore, was not in accordance with the rule. Section 294 of the Civil Practice Act, however, provides, among other things: " An order for the taking of testimony by deposition, under any provision of this article, or an order denying a motion to vacate a notice given pursuant to section two hundred and ninety, may prescribe terms and conditions, not inconsistent with this article." The court below, in denying the motion to set aside the service, set the date of the new hearing seven days forward from the date of the entry of the order, which was two days more than the time prescribed by the rule. This condition, made by the

court in accordance with section 294 of the Civil Practice Act, overcame the irregularity in the service.

The order should be affirmed, with ten dollars costs and disbursements.

KELLY, P. J., RICH, JAYCOX, MANNING and KELBY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.