SAMUEL A. HERTZ, Respondent, *v.* FREDERICK J. GRACE, Appellant.

Supreme Court, Appellate Term, First Department, December 30, 1925.

Depositions — examination of defendant before trial — order vacating plaintiff's notice of examination of defendant before trial having been made on merits precluded consideration, on motion to vacate second notice for examination, of plaintiff's right to examination — order denying motion to vacate second notice reversed without prejudice to application to resettle first order.

An order denying defendant's motion to vacate a second notice of examination of said defendant before trial served shortly after the entry of an order vacating and setting aside an earlier notice for an examination should be reversed, but without prejudice to an application to resettle the first order, where the original order, the application for which was made on the notice and the pleadings, was made on the merits without any leave to serve a second notice.

The fact that the court, in the first order, determined adversely to the plaintiff the question affecting his substantial right to an examination precluded a consideration or determination of that question on defendant's motion to vacate the second notice of examination.

APPEAL by defendant from an order of the City Court of the City of New York denying a motion to vacate a notice of examination before trial.

*Henry E. Stohldreier,* for the appellant.

*Margolies & Siegel* [*William I. Siegel* of counsel], for the respondent.

CHURCHILL, J. Plaintiff served a notice for the examination of defendant before trial. Defendant moved to vacate. That motion was made upon the notice and the pleadings. No affidavit was submitted and no irregularity was specified in the notice of motion. The motion, therefore, necessarily went to the merits of the case and sought a determination of the substantial question whether or not plaintiff was entitled to the examination he sought. The motion was opposed by an affidavit which set forth facts tending to support plaintiff's right to the examination sought. The motion was granted, without opinion, by an order dated August 15, 1925. That order was absolute and unconditional. It gave no leave to serve a second notice. Nevertheless, shortly after the entry of that

order, plaintiff served a second notice of examination substantially like the first.   Defendant moved to vacate on an affidavit setting forth the prior determination.   His motion was denied, without opinion.   From that order this appeal is taken and it seems to me that the mere statement of the case shows that a reversal must follow.

It is suggested that the order vacating the first notice was really made because of informality in the papers opposing the motion. But we cannot speculate on the meaning of an order or the grounds on which it was made.   Such matters must be determined from the order itself, read, if necessary, in connection with the papers on which it was made.   In this case the presumption is conclusive that the order was made on the merits.   If such had not been the intention of the court, the presumption is that the order would have been made without prejudice to the service of a new notice or that the substantial rights of the plaintiff would have been protected by some other reservation.

It is further suggested that the substantial question concerning plaintiff's right to have this examination must have been considered and determined in plaintiff's favor on the application to vacate the second notice, and that, if we are satisfied with that determination, there is no sufficient reason for reversal.   The answer is that the court below had no right to consider or determine that question on that motion.   It had already been determined in favor of the defendant by the first order.

The appellant thus comes to us on a point of practice upon which he is unanswerable.   And there is no difficulty in sustaining him while still doing exact justice to both sides.   All we have to do is to reverse the order and grant the motion to vacate, but without prejudice to an application to resettle the order of August fifteenth. Plaintiff will then move to resettle that order so as to provide that it be made without prejudice to his right to serve a new notice of examination or to apply for an order under Civil Practice Act, section 292.   If he is right in his contention that the order was made because of formal defects in his papers, his application to resettle will be granted as a matter of course.   If he is wrong in that contention, he will lose his right to serve the notice, as he ought, for failure to appeal from the order originally made.

Order reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, without prejudice to an application by plaintiff to the court below to resettle the order of August 15, 1925.

All concur; present, BIJUR, LEVY and CHURCHILL, JJ.