FREDERICK V. GOESS, as Receiver of the HARRIMAN NATIONAL BANK AND TRUST COMPANY OF THE CITY OF NEW YORK, Plaintiff, *v.* JOSEPH W. HARRIMAN, Defendant.

Supreme Court, Special Term, New York County, June 9, 1937.

*Conboy, Hewitt, O'Brien & Boardman,* for the plaintiff.

*George S. Leisure,* for the defendant.

LEVY, J. This is a motion by the plaintiff, as receiver of the Harriman National Bank, for summary judgment in an action on a promissory note secured by collateral. The complaint alleges the execution and delivery to the bank of a note in the sum of $544,668.53, against which $257,184.05 has been paid, leaving due the sum of $287,484.48. The answer admits the making of the note, but denies the defendant has knowledge or information sufficient to form a belief as to the other allegations. The defense also contains a paragraph which, while it leaves much to be desired, might be intended as an affirmative defense to the effect that defendant deposited large collateral as security and does not know what has become of it. He may well be entitled to an accounting. It is elementary, however, that an action on the note may proceed without previous recourse to the collateral. No affidavit is submitted by defendant in opposition but he raises the point of law in the hope of defeating the motion. He contends that plaintiff

must prove the amount paid on account, where this is denied, citing *Conkling* v. *Weatherwax* (181 N. Y. 258). The statement in that case, especially in the opinion of Judge VANN, seems to be mere dictum, and is so construed in *Acharan* v. *Samuel Bros.* (144 App. Div. 182), where Judge SCOTT took occasion to say that where the defendant disputes the amount paid, he must plead and prove a larger payment on account than the one conceded by plaintiff. In any event, however, the point raised by defendant seems to me immaterial. The partial payment is not denied. What defendant virtually demands is that as part of his affirmative case plaintiff should account for the method in which he arrives at the payment admitted by him. This is unnecessary, especially in the absence of a counterclaim for an accounting. Defendant, therefore, may be said to raise no triable issue, and the motion must accordingly be granted. Settle order.