FRANCES SAPAKAS et al., Plaintiffs, *v.* JOSEPH SHULSK et al., Defendants.

Supreme Court, Special Term, Queens County, May 26, 1943.

*Stephen Bredes* for defendants.

*Louis L. Berko* for plaintiffs.

COLDEN, J. This is a motion by the defendant Joseph Shulsk to vacate, modify or limit the notice of examination before trial, dated May 8, 1943, upon the ground that the items are improper, that the defendant Joseph Shulsk, who is a resident of Kings County, may not under section 300 of the Civil Practice Act be examined in Queens County, and that the production of records is unauthorized except by an order of the court.

The motion is granted in respect to items 1, 2, 4, 7, 8, 9 and 10 and denied as to items 3, 5, 6, 11 omitting the words " and were so advised ", 12 and 13.

While it has been held that under the 1933 amendment of section 300 of the Civil Practice Act (L. 1933, ch. 740), it is no longer indispensable that the examination be held in the county where the defendant resides or has an office for the regular transaction of business in person (*Seidman* v. *Wolff*, 27 N. Y. S. 2d 136), and that the examination can be held in the county where the action is pending, it is clear from the language of the amendment that this can be done only " Where an *order* for the examination of a party is served  *  *  *.'' (Italics supplied.) Here the examination before trial was initiated not by an order but by a notice and therefore the first sentence of section 300 of the Civil Practice Act is applicable. There it is provided that a resident of the State who is to be examined " shall not be required to attend in any county, other than that in which he resides, or where he has an office for the

regular transaction of business in person." Accordingly, the moving defendant will be examined in Special Term, Part II, of the Supreme Court, Kings County.

So much of the notice as requires the production of records to be used pursuant to section 296 of the Civil Practice Act is likewise improper under the circumstances here disclosed. Said section provides that " If the deposition is to be taken pursuant to an *order,* the order may require * * * the production of books and papers in the custody of the party or person to be examined * * *." (Italics supplied.) Thus in *Soehner* v. *Aplo Clothing Co.* (251 App. Div. 793) it was held: " The production of books, papers and records cannot be compelled by notice. It must be done by order (Civ. Prac. Act, § 296), and the order herein was only one passing upon the validity of the notice, and vacating parts thereof." Similarly here the order to be entered hereon is not the " order " contemplated by section 296 of the Civil Practice Act as it too will only pass upon the validity of the items of examination. The production of books and records in the absence of an order in which the examination before trial is directed in the first instance may be compelled under a subpœna *duces tecum,* and when thus produced they may be used only to refresh the recollection of the witness and may not be introduced in evidence generally (*New York City Car Advertising Co.* v. *Regensburg & Sons, Inc.,* 205 App. Div. 705), the only exception to this being that they might be produced for the purpose of establishing identity. (*Klapp* v. *Merwin,* 122 Misc. 708, affd. 209 App. Div. 841; McCullen on Examinations Before Trial, p. 438.) Inasmuch as it does not appear here that a subpœna *duces tecum* was served upon the moving defendant, the production of books and records may not be compelled even for the limited purpose of refreshing the witness' recollection by the order to be made herein.

Settle order on notice.