JACOB POPKIN, Plaintiff, *v.* ORIGINAL NOVELTY COMPANY, Defendant. (Supreme Court, Kings Co.)

JACOB POPKIN, Plaintiff, *v.* ORIGINAL NOVELTY COMPANY, Defendant. (Municipal Court of City of New York, Borough of Brooklyn, 6th Dist.)

Supreme Court, Special Term, Kings County, December 20, 1947.

*Morris Straub* for defendant.

*Herman Yellon* for plaintiff.

FROESSEL, J. Motion by defendants, a copartnership, for an order vacating plaintiff's notice of examination, subpœna and subpœna duces tecum, or, in the alternative, modifying and limiting the same.

Since defendants are residents of Bronx County, their objection to being examined in Kings County on a notice of examination is well taken (*Sapakas* v. *Shulsk*, 181 Misc. 607; *Ahearn* v.

*Manzione,* 270 App. Div. 944). It is only when the examination is held pursuant to order that defendants may be required to appear in the county in which the action is pending (*Seidman* v. *Wolff,* 27 N. Y. S. 2d 136; *Sapakas* v. *Shulsk, supra*). The examination will, therefore, be held at the Supreme Court, Bronx County.

Defendants' second contention that books and records cannot be obtained merely by a demand contained in a notice of examination is also well taken, but they can be subpœnaed, which plaintiff has done. When thus obtained, they may be used only to refresh the recollection of the witness and may not be introduced in evidence generally (*New York City Car Adv. Co.* v. *Regensburg & Sons,* 205 App. Div. 705; *Sapakas* v. *Shulsk, supra*). Plaintiff may move for a discovery pursuant to section 324 of the Civil Practice Act and rule 140 of the Rules of Civil Practice, if he be so advised. The subpœnas will be modified to the extent of making them returnable in Bronx County.

Defendants' third contention that this examination is not brought in good faith but merely to circumvent the examination order of the Municipal Court, under which no examination was had, is without merit. This is a new action in the Supreme Court, wherein the defendants, in their answer, plead the pendency of the Municipal Court action. It is true the Municipal Court action has been consolidated herewith, but plaintiff, nevertheless, has a right to an examination in the action.

With one exception, the items appear to be proper, and, accordingly, the notice of examination is modified by eliminating item 7. In an action on contract, payment is an affirmative defense which must be pleaded and proved by the defendant (*Bremer* v. *Ring,* 146 App. Div. 724; *Acharan* v. *Samuel Bros.,* 144 App. Div. 182; *Seufert* v. *Commercial Travelers M. A. Assn.,* 263 N. Y. 496, 499).

The fact that defendant Shapiro allegedly had no dealings with the plaintiff is no objection to his examination. If he is without knowledge of any of the items, he may so state under oath on the examination.

Settle order on notice, in accordance with the foregoing disposition.