James T. Hallinan, J.
Motion by plaintiff for an order vacating defendant’s notice of examination, dated January 18, 1954, and its amendatory notice, dated January 25, 1954. Cross motion by defendant for an order directing that the examination of defendant, pursuant to plaintiff’s notice, dated January 22, 1954, be held after the examination of plaintiff by the defendant.
Defendant’s notice of examination required the plaintiff to appear for examination before a notary public in Kings County. Since plaintiff neither resides nor has an office for the regular transaction of business in person in such county, he could not be required to attend there (Civ. Prac. Act, § 300). Defendant’s amendatory notice required plaintiff to attend in Queens County. Plaintiff contends that the first notice was so defective that it gave the court no jurisdiction and therefore could not be amended.
Improper venue does not divest the court of jurisdiction. Rule 124 of the Rules of Civil Practice specifically provides that if the court deem it proper that the testimony be taken at a time or place other than that specified in the notice, it may so order. (Isenburger v. Arrowhead Mills, 212 App. Div. 121.) Accordingly, the motion to vacate is granted to the extent of modifying the notice to provide that the examination be held in Queens County at the Supreme Court examination room. If the parties cannot agree upon the date, the court will fix it in the order hereon.
In the absence of special circumstances the party who first serves a notice of examination is entitled to examine first.
Defendant’s notice was served on January 18, 1954; plaintiff’s notice on January 22, 1954. Had defendant’s notice been *815 proper, he would have been entitled to examine first. Since, however, it designated the wrong county, it did not take effect as of the date of its service. The cross motion to direct that defendant’s examination of plaintiff be held first is denied.
Settle order.