OSWALD S. LOWSLEY, Plaintiff, *v.* MAX URETZKY, Defendant.

County Court, Sullivan County, April 19, 1954.

*Nathan G. Hand* for plaintiff.

*Benjamin M. Goldstein* for defendant.

COOKE, J.   Plaintiff is a physician residing and having an office in New York County.   Defendant is his former patient and resides in Sullivan County.

By a memorandum dated February 20, 1954, this court decided that defendant could examine plaintiff pursuant to a notice of examination dated February 8, 1954, upon all the matters set forth in said notice but directed that said examination take place in New York County.

Plaintiff then served a notice of examination dated February 23, 1954, for an examination of defendant to be held in Sullivan County on March 8, 1954.   Defendant countered with a cross notice for the examination of plaintiff upon substantially the same matters as covered by his previous notice dated February 8, 1954.   Said cross notice, based upon rule 121-a of the Rules of Civil Practice, provided for an examination of plaintiff at the same time and place as set forth in the notice of examination which plaintiff served, in other words at a point in Sullivan County.

Plaintiff moves to vacate the said cross notice of examination and to strike out defendant's answer.   No justification is presented to strike out the answer and that motion will not be considered further.

Two questions are presented here for determination.   The first involves the right of the defendant to serve a second notice of examination covering substantially the same items as in a prior notice of examination which prior notice was passed upon by the court when plaintiff moved to vacate, the motion to vacate having been denied but the place of examination having been fixed in a county other than in the notice.

There should be some stability to the procedure and when a party serves a notice for an examination before trial and the right to that examination is determined by the court that party should not be able then, without at least a showing of sufficient reason therefor, to serve a second notice of examination returnable at a different place than as determined by the court (*Pritchard* v. *Security Trust Co.*, 123 Misc. 492; *Hertz* v. *Grace*, 126 Misc. 316). There is no motion here to vacate or modify the previous order of the court.

The second problem with which we are concerned involves the right of defendant to examine plaintiff pursuant to cross notice under said rule 121-a in a county other than that in which he resides or has an office for the regular transaction of business in person.

Section 300 of the Civil Practice Act provides: " Where a person to be examined, as prescribed in this article, within the state, is a resident of the state, he shall not be required to attend in any county, other than that in which he resides, or where he has an office for the regular transaction of business in person. Where he is not a resident, he shall not be required to attend in any other county than that wherein he is served with a subpoena; except that where the examination is held pursuant to an order, he may be compelled to attend in any county specified in the order. Where an order for the examination of a party is served on his attorney as provided by section two hundred ninety-nine, he shall not be required to attend in any county other than that in which he resides, or where he has an office for the regular transaction of business in person, or in the county where the action is pending."

The statute and cases are clear that a person cannot be examined *pursuant to notice* outside of the county where he resides or has an office for the regular transaction of business in person (*Ahearn* v. *Manzione*, 270 App. Div. 944; *Popkin* v. *Original Novelty Co.*, 196 Misc. 120; *Sapakas* v. *Shulsk*, 181 Misc. 607). A different ruling might apply if the person to be examined is a nonresident of the State (*Berger* v. *Van Doorn*, 57 N. Y. S. 2d 434).

Rule 121-a of the Rules of Civil Practice provides in part: " In any action, at any time after the service of an answer, any party may cause to be taken by deposition before trial, the testimony of any other party, his agent or employee as prescribed by sections 288 and 289 of the Civil Practice Act, regardless of the burden of proof.

"At least ten days' notice of such examination shall be served in accordance with the provisions of section 290 of the Civil Practice Act. Notice of at least five days may then be served by the party to be examined for the examination of any other party, his agent or employee, such examination to be noticed for and to follow at the same time and place."

It is apparent that there is a conflict between section 300 of the Civil Practice Act and rule 121-a of the Rules of Civil Practice if said rule 121-a is meant to provide that a party to be examined can then require by notice the examination of any other party to follow "at the same time and place", even though that same place is not in the county where the other party resides or has an office for the regular transaction of business in person. A rule inconsistent with the Civil Practice Act is of no effect and the provisions of section 300 of the Civil Practice Act prevail over any inconsistent provisions of rule 121-a of the Rules of Civil Practice (Judiciary Law, § 83; *Lambert* v. *Lambert,* 270 N. Y. 422, 426; *Broome Co. Farmers' Fire Relief Assn.* v. *New York State Elec. & Gas Corp.,* 239 App. Div. 304, affd. 264 N. Y. 614; *Cudlipp* v. *Watson,* 202 Misc. 832).

The holding that a party cannot be examined pursuant to notice outside of the county where he resides or has an office for the regular transaction of business in person is not only well established, it is sound. While examinations before trial are and should be granted liberally, protection against undue hardship in regard to the place of examination is afforded by requiring an order to authorize an examination in a county other than where a person resides or has an office for the regular transaction of business in person. Frequently, when proper, such orders are granted. Furthermore, there is no motion for such an order here.

The motion to vacate defendant's cross notice of examination is granted. The motion to strike out defendant's answer is denied.

Submit order.