Harold Tessler, J.
In an action to recover moneys allegedly entrusted to the defendants for investment, the latter move to require the plaintiffs to serve a further bill of particulars. *25 The plaintiffs, in a cross motion, seek to vacate the notice to examine them before trial.
Subdivision (d) of rule 115 of the Rules of Civil Practice requires that “In the absence of special circumstances ” the motion papers to direct the service of a further bill be served within 10 days after receipt of the bill claimed to be insufficient.
In the case at bar, a verified bill of particulars was served on February 15, 1962, and the motion papers to require a further bill were served on February 28, 1962. More than 10 days had expired. The motion papers herein are devoid of any facts which would indicate special circumstances such as “ illness, absence or death of a party or counsel, or some other incapacity, or the loss, misplacement of records, or some other contingency, or reason out of the general or ordinary run of things ” (Curtis v. Curtis, 178 Misc. 213, 214) that caused the delay in serving the proper motion papers. Absent such a showing, the defendants are not entitled to a further bill of particulars when the motion papers were served more than 10 days after receiving an allegedly insufficient bill. (Matter of Walter, 113 N. Y. S. 2d 353.)
Accordingly, the defendants’ motion for a further bill of particulars is denied.
The plaintiffs object to the notice to examine them on the ground that it requires them to attend the examination in Nassau County. They contend that they are residents of Queens County and inasmuch as they do not reside or have an office for the regular transaction of business in Nassau County, they cannot, by virtue of section 300 of the Civil Practice Act, be examined in that county.
The defendants admit that the plaintiffs are not residents of Nassau County but claim that, since the plaintiffs by a prior notice scheduled the examination of the defendants in Nassau County, rule 121-a of the Rules of Civil Practice permitted the defendants, on at least five days’ notice, to set up an examination of 1 ‘ any other party, his agent or employee * * * to follow at the same time and place ” (emphasis supplied); that their notice to examine the plaintiffs was served pursuant to the above-mentioned rule and is, therefore, proper.
In Lowsley v. Uretzky (205 Misc. 610, 613), the court stated: “It is apparent that there is a conflict between section 300 of the Civil Practice Act and rule 121-a of the Rules of Civil Practice if said rule 121-a is meant to provide that a party to be examined can then require by notice the examination of any other party to follow ‘ at the same time and place ’, even though that same place is not in the county where the other party resides *26 or has an office for the regular transaction of business in person. A rule inconsistent with the Civil Practice Act is of no effect and the provisions of section 300 of the Civil Practice Act prevail over any inconsistent provisions of rule' 121-a of the Rules of Civil Practice
Inasmuch as the defendants’ notice has fixed an incorrect place for the examination, it is defective. The court need not vacate such notice, however, but may fix a proper place for the examination. (Goldman & Walter Advertising Agency v. Davidoff, 11 A D 2d 860; Faine v. Imported Brands, 3 Misc 2d 813; Sepe v. Johnson, 157 N. Y. S. 2d 781.)
Accordingly, the plaintiffs’ cross motion is granted only to the extent of modifying the defendants’ notice to provide that the examination be held in Special Term, Part II, of this court at a date and time to be fixed in the order to be entered hereon.