SALVATORE DESIDERIO et al., Respondents, v. RALPH GABRIELLI et al., Copartners Practicing Law under the Name of GABRIELLI & GABRIELLI, Appellants, et al., Defendant.— In an action by 727 plaintiffs to have declared null and void certain agreements retaining defendants Gabrielli to perform specified legal services, and for incidental relief, said defendants appeal from an order determining separate motions with respect to examinations before trial, except as to so much of the order as denies plaintiffs' motion to vacate or modify said defendants' notice of examination of plaintiffs before trial. Order insofar as appealed from modified by striking therefrom the fifth ordering paragraph and by striking from the fourth ordering paragraph subdivisions (a), (b) and (c) and by substituting in lieu thereof provisions that the twenty plaintiffs who are first named in the title of the action shall be examined by defendants, on dates to be fixed by defendants in a notice to be given by them to plaintiffs' attorneys, the said dates to be not earlier than five days, or later than ten days, after the giving of said notice; that defendants Gabrielli are to be examined by plaintiffs, commencing the day following completion of the examination of

said twenty plaintiffs, the examination of said defendants to be limited to the matters hereinabove allowed insofar as they relate to the plaintiffs who shall have been thus examined; and that, following the completion of said examination of said defendants, either side may apply to the Special Term on two days' notice for the fixing of the times for examination of the remaining plaintiffs in the order in which they appear in the title of the action, and for examination of said defendants as to the stated matters insofar as they relate to said remaining plaintiffs. As so modified, order, insofar as appealed from, affirmed, without costs. The provision of rule 121-a of the Rules of Civil Practice that a party may cause a deposition of any other party to be taken "after the service of an answer" did not render premature and invalid the notice requiring the taking of such deposition which notice was served by defendants simultaneously with service of their answer. (*Tollis* v. *New York, New Haven & Hartford R. R.*, 282 App. Div. 885.) Under the said rule, the party who first serves a notice of examination must be allowed priority in examination over his adversary who serves the counter notice of examination, contemplated under the same rule, for the rule states that the examination under the counter notice is " to be noticed for and to follow (the examination first noticed) at the same time and place" (matter in parentheses supplied), unless on motion to modify the notice first served, or on similar motion, it is shown that special circumstances require the discretion of the court to direct a different order of examination. (Cf. *Tollis* v. *New York, New Haven & Hartford R. R., supra.*) We regard the respective motions, which have resulted in the order under review, as having included an application to modify defendants' notice. We are of the opinion that the practical solution reached by the Special Term is commendable, but also believe that the court, after twenty plaintiffs and the two said defendants shall have been examined with respect to said twenty plaintiffs, will be better able to determine how many parties can be examined in a single day and thus be able to fix definite dates for examination of specific parties. The attorneys will also be better able to prepare for the examinations. We also do not find that there has been any improvident exercise of discretion with respect to any other matter involved on the motions. Nolan, P. J., Wenzel, MacCrate, Schmidt and Murphy, JJ., concur.