KORFUND COMPANY, INC., Plaintiff, *v.* VIBRATION MOUNTINGS, INCORPORATED, Defendant.

Supreme Court, Special Term, Queens County, April 12, 1955.

*Kohn & Granirer* for plaintiff.

*Spencer & Iserman* for defendant.

COLDEN, J. Plaintiff's motion to examine defendant before trial and direct the production of books and records is resisted solely on the ground that it would be in the interest of good practice for the defendant to be afforded an opportunity to receive a proper bill of particulars from the plaintiff, and to make such motions addressed to the pleadings as it sees fit before its examination before trial.

This is an action to recover damages allegedly caused by the defendant's inducing another to violate and repudiate its agreement with plaintiff. The answer, consisting of a general denial, was served on March 23, 1955. This motion was made on March 29, 1955. On March 31, 1955, defendant served a demand for a bill of particulars which is the subject of a motion to modify, returnable April 18, 1955.

It is true that under subdivision 1 of rule XI of the Trial Term Rules of the New York County Supreme Court, proceedings for the taking of depositions in actions other than for personal injuries or wrongful death, based on negligence, are deemed premature if commenced less than thirty days after the last joinder of issue, unless it appear that there is reason for proceeding without first affording the adverse party time within which to elect to make motions addressed to the pleadings; and that under subdivision 8 of said rule, a party seeking the examination before trial of an adverse party will generally be required to serve his bill of particulars before proceeding with the examination, where the party to be examined " has made a timely demand or motion after joinder of issue for a bill of particulars." That rule, however, is not binding upon this court, which is governed by the practice in the Second Department where no such rule obtains. Indeed, subsequent to its enactment by the First Department, the Appellate Division, Second Department, in passing upon a situation covered by subdivision 3 of said rule, held contrary thereto. (*Desiderio* v. *Gabrielli*, 284 App. Div. 976.)

Moreover, when this motion was made (Civ. Prac. Act, § 113), no demand or motion for a bill of particulars had been made by the defendant, and its opposing affidavit presents no facts which would justifiably move this court to exercise its discretion by denying this motion until plaintiff has served a bill of particulars

in conformity with such order as may be made by another Justice in Special Term, before whom the motion to modify the demand will be heard.

The motion is, accordingly, granted.

Submit order.