Matthew M. Levy, J.
This is an action for services rendered and there are four brief paragraphs in the complaint and each paragraph consists of a brief sentence.[1] Plaintiff served notice to examine defendant before trial on five items, substantially similar in phraseology to the language of the complaint.[2] The examination was scheduled to be held in the office of plaintiff’s attorneys before a notary employed by them. Defendant moves to vacate the notice upon the ground that the items are improper and upon the further ground that the person before whom the examination is to be held is ineligible for such purpose. A prior notice was vacated on motion and the order permitted the service of a new notice that “ shall separately specify concisely, in the form of statements of fact, the items on which the examination is sought ”.
Item 5 of the notice is improper in that it refers to “ Any and all other facts pertaining to the issues of this case ” (Boh *413 linger v. Rosenbaum, 6 Misc 2d 235). And to hold the examination before the indicated person is also improper. (Schatzkin v. Schatzkin, 278 App. Div. 934.)
But I fail to see how the other items for examination can be differently stated than they are in the present notice. If the items are conclusory, as defendant contends, then the allegations of the complaint are conclusory, and yet it cannot be said that the complaint does not set forth facts sufficient to state a cause of action. The statements in the complaint and in the notice are of ultimate facts. While the language may be parallel, each paragraph of the complaint contains a single brief sentence and reforming of each sentence would seem meaningless and be of no help. And were plaintiff to specify in his notice to examine all of the many immediate and detailed facts set forth in the bills of particulars, defendant might feel constrained to attack the notice as unnecessarily prolix and detailed or too minutely subdivided (Bronx County, Supreme Ct. Rules, Trial and Special Terms, rule XX, subd. 10).
The motion is granted to the extent of eliminating item 5 and directing that the examination be held at Special Term, Part I of this court on April 11, 1957. An order has been signed accordingly (Rules Civ. Prac., rule 124).

 The allegations of the complaint are annexed.
First: That heretofore, and between in and during the month of August, 1955, and in and during the month of November, 1955, plaintiff, at the special instance and request of the defendant, rendered certain services for and on behalf of said defendant, in the City of New York and State of New York, and in the State of Florida.
Second: That the aforesaid services were so rendered by the plaintiff, pursuant to the agreement on the part of the defendant to pay the reasonable value therefor.
Third: Plaintiff heretofore demanded payment for the reasonable value of the services rendered by him as aforesaid, which payment has been refused.
Fourth: That the reasonable value of the services rendered by plaintiff on behalf of the defendant was the sum of Ten Thousand ($10,000) Dollars, no part of which has been paid.

 The items specified in the notice to examine are annexed.
1. That heretofore, and in and during the months of August, September, October and November, 1955,. the defendant requested the plaintiff to perform services for and on behalf of said defendant.
2. That, pursuant to such request, the plaintiff did render services for and on behalf of the defendant both in the City of New York, State of New York and in the State of Florida.
3. That the defendant agreed to pay the plaintiff the reasonable value of the aforesaid services rendered by the plaintiff.
4. That the plaintiff demanded payment for said services, which payment was refused.
5. Any and all other facts pertaining to the issues of this case.