M. Henry Martuscello, J.
Plaintiff moves to strike out defendants’ notice of examination or, in the alternative, deferring examination until after plaintiff’s examination of defendants. Defendants cross-move to vacate plaintiff’s notice of examination on the ground that defendants are entitled to priority in the examination and on the further ground that insufficient notice of the examination was given.
The action is predicated upon an alleged joint venture between plaintiff and the defendants Berfond and Bae to impress a trust upon real estate owned by the defendants or some of them and for an accounting. The answer is a general denial with separate defenses of the Statute of Frauds. Plaintiff objects to defendants’ notice of examination of plaintiff at defendants’ attorney’s office, which is improper (Schatzkin v. Schatzkin, 278 App. Div. 934; Schulsinger v. Cowles, 7 Misc 2d 411), and defendants make the objection that only 12 days’ notice by mail was given of the examination, which is a mere irregularity (Valz v. Sheepshead Bay Bungalow Corp., 249 N. Y. 122; Civ. Prac. Act, §§ 105, 109) which the court may correct by setting the time of examination (Isenburger v. Arrowhead Mills, 212 App. Div. 121).
The principal question for determination, however, is as to the priority of the examinations sought. Defendants first served notice of examination at the time they served their answer and demand for a bill of particulars. In such cases defendants are *756 entitled to examination first unless it is shown that special circumstances require the discretion of the court to direct a different order of examination.' (Desiderio v. Gabrielli, 284 App. Div. 976; Tollis v. New York, New Haven & Hartford R. R., 282 App. Div. 885.) Even under the old rule which held that an examination before trial could only be had to prove the applicant’s case, an exception was made and examinations granted where the litigation involved a fiduciary relationship or that of principal and agent and the facts were peculiarly within the knowledge of the adverse party, thus recognizing special circumstances by reason of the nature of such actions. Under the pleadings in the instant case involving a fiduciary relationship between the parties, the court feels that special circumstances exist which entitle plaintiff to priority of examinations.
The defendants are directed to appear for examination at Special Term, Part II of this court on a day and at a time to be agreed upon by the parties and fixed in the order to be entered hereon. If the parties cannot agree, the court will fix the time. Plaintiff is directed to appear for examination by defendants at Special Term, Part II of this court following the conclusion of plaintiff’s examination of defendants.
Motions granted as indicated and in all other respects, denied.
Settle order on notice.