■ MEYER JESHION et al., Appellants, v. DAVID L. HOLZER, Respondent.— Order, entered on December 15, 1960, granting the motion of defendant Holzer to examine plaintiffs and an impleaded defendant as adverse parties before trial, unanimously affirmed, with $10 costs and disbursements to the respondent. Although the order, which in effect gives defendant Holzer priority in examining plaintiffs before trial, was predicated in part upon the alleged failure of plaintiffs to serve a proper bill of particulars, we do not find any improvident exercise of discretion in granting such priority even though we are reversing the order directing the service of a further bill of particulars and precluding the plaintiffs. Rule XI of the New York County Supreme Court Rules — which deals with priority of examination of parties before trial — is a guide to the disposition of such motions and is expressly made subject to the exercise of discretion by the Special Term Justice when good cause is shown to depart therefrom. Taking into consideration the amendments to complaints and other procrastinating activities of plaintiffs, as well as all circumstances, good cause was shown to depart from the guides otherwise provided for in rule XI. Settle order on notice fixing date for examination to proceed. Concur — Breitel, J. P., Valente, McNally, Steuer and Bastow, JJ.

■ In the Matter of the Arbitration between WESLEY SIMPSON, Appellant, and MR. JOHN, INC., Respondent.— Resettled order, entered on January 16, 1961, granting defendant's motion to resettle the order of the Supreme Court, New York County, entered on October 7, 1960, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Appeal from order, entered on October 7, 1960, denying petitioner's motion for an order vacating the award of the arbitrators dated August 25, 1960, unanimously dismissed, without costs. No opinion. Concur — Breitel, J. P., Valente, Stevens and Bastow, JJ.

■ In the Matter of MARIE W. ARNOLD et al., Respondents, v. BENJAMIN PESIKOFF, Appellant.— Appeal from order entered on July 21, 1960, unanimously dismissed, without costs, such order having been merged in the order entered on October 19, 1960. No opinion. Order, entered on October 19, 1960, in summary proceeding brought under section 474 of the Judiciary Law, setting aside a purported agreement between petitioners and the attorney, directing a turnover of documents, and providing for a reference, unanimously reversed, on the law, on the facts, and in the exercise of discretion, with $20 costs and disbursements to abide the event, and the proceeding remanded to Special Term for the purpose of taking proof with respect to the contradicted claims of overreaching by the attorney. The rule expressed and restated in *Matter of Cox* v. *Scott* (10 A D 2d 32, 34) is applicable. Only if the proof is clear and convincing that there has been overreaching or other serious misconduct should the court entertain and exercise summary jurisdiction. The present record, however, is quite inadequate to make such determination, and because of the contradictions no determination should be made merely upon the affidavits. Upon such hearing the court will have a question whether summary jurisdiction should be retained or the petitioners relegated to proceeding by plenary action, if they are so advised. Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ.