In the Matter of the Estate of ANN R. LEHMAN, Deceased.

Surrogate's Court, Nassau County, June 15, 1962.

*Simpson Thacher & Bartlett (Stephen P. Duggan, Jr.,* of counsel), for petitioner. *Lord Day & Lord (Woodson P. Scott* of counsel), for Ellen L. Long, objectant. *Margulies & Heit (Albert Heit* of counsel), for Orin Lehman. *Lauterstein & Lauterstein (George Siegel* of counsel), for Orin Lehman and others, as trustees. *William B. Pius,* as special guardian for Maureen McCluskey and others, infants, respondents.

JOHN D. BENNETT, S. Motion in this contested probate proceeding to vacate or modify the proponent's notice to examine the contestant as an adverse party, dated April 13, 1962.

On April 5, 1962, an examination pursuant to section 141 of the Surrogate's Court Act of Jane Heffernan, one of the subscribing witnesses, was adjourned by the court to May 1, 1962, at 10:30 A.M. The allegation is made in the moving papers that the request for the adjournment was made at the instance of the proponent's attorneys. This statement of fact is uncontroverted by the proponent.

Thereafter, on April 10, 1962, the contestant noticed the examination of the proponent for May 3, 1962. On April 13, 1962, the proponent noticed the examination of the contestant for April 19, 1962. The present motion to vacate or modify is addressed to this latter notice to examine. The technical ground advanced by the movant that the notice was not served timely appears to be without merit. While rule 121-a of the Rules of Civil Practice requires 10 days' notice of an examination sought thereunder, rule 121 of the Rules of Civil Practice, which is applicable only to special proceedings, requires merely five days' notice of the requested examination. Since all proceedings in this court are special proceedings (1 Jessup-Redfield, Surrogates Law and Practice, § 193) the notice was, therefore, timely served.

The request that the time of the examination of the contestant be modified concerns a determination of the priority of the examinations sought. It is proponent's contention that although generally a party first serving a notice to examine has priority, this rule is abrogated by the conduct of the contestant in designating a date for the proponent's examination so far in advance as to allow the proponent to serve a notice to examine at an

earlier date within such period, citing *Tartell* v. *Stupler* (N. Y. L. J., July 1, 1960, p. 8, col. 7).

In the Second Department the priority of examination generally accords with the priority of the service of the notice (*Seifert* v. *McLaughlin,* 15 A D 2d 555; *Desiderio* v. *Gabrielli,* 284 App. Div. 976). The contestant states that 23 days' notice of the proponent's examination was given in order to enable the examination of the one remaining subscribing witness to be completed. In view of this fact, the action of the contestant in designating a date for the examination of the proponent so far in advance as to enable the proponent to request an earlier one does not appear unreasonable nor motivated by a design or plan to delay or obtain any unfair advantage.

Under the circumstances present, the motion to vacate or modify the notice to examine the contestant dated April 13, 1962, is granted to the extent of fixing a time for such examination on a date subsequent to that of the proponent's examination. A place for the examinations will be specified in the order to be submitted. The motion in all other respects is denied.

Settle order on five days' notice, with three additional days if service is made by mail.