Simou J. Liebowitz, J.
This is an action against the defendant Howard Price, a former employee of the plaintiffs, and others enjoining them from engaging in the business of selling certain articles and from soliciting customers of the plaintiffs and for damages for alleged unfair competition. The defendant Price’s time to answer was extended by oral stipulation to October 29, 1971 and on that day he served an answer wherein in addition to general denials the defendant pleads certain affirmative defenses and counterclaims based on alleged improper conduct of the plaintiffs, designed to injure the defendant and his present employer.
On October 27,1971 plaintiffs served on the defendant a notice to take the deposition of the defendant, which is alleged to be contrary to CPLR 3106 (subd. [a]), which provides that leave of the court must be first obtained if notice of deposition of a party is sought within 20 days after service of the complaint. The defendant contends that since his time to answer was extended by the plaintiffs to October 29, a notice of deposition of the defendant was premature.
On October 30, 1971 defendant served a notice to take the deposition of the plaintiffs and claims the right to priority of *424 examination in view of the oral extension of time to answer until October 29.
Defendant Price moves for a protective order deferring his examination until after plaintiffs have submitted to an examination before trial. Plaintiffs cross-move to vacate defendant’s notice to examine plaintiffs until plaintiffs have completed the examination of the defendant and to fix a time and place for the examination of the defendant.
As a general rule' the defendant is entitled to serve a notice of deposition of the plaintiff with his answer while plaintiff may not serve such a notice before the expiration of 20 days from the date of service of the complaint without leave of the court.
Professor David D. Siegel in his commentary to 'CPLB 3106 (McKinney’s Cons. Laws of N. Y., Book 7B, CPLB [3106], p. 350) states the following:
‘1 C3106:2 Effect of Extended Answering Time. If the plaintiff gives the defendant an extension of time in which to answer the complaint, the extension will also stretch the 20-day period provided in CPLB 3106(a). The defendant will therefore have the extended time in which to seek the plaintiff’s deposition by mere notice while the plaintiff during that time will still be limited to court order to .take the defendant’s deposition. Williams v. H. R. Weissberg Corp., 24 A D 2d 940, 265 N. Y. S. 2d 48 (1st Dep’t 1965). The extension is a stipulation, which therefore must be in writing (CPLB 2104), and if the plaintiff wants the defendant’s deposition without having to apply for a court order during the extended period he should qualify the stipulation to reserve that right. ’ ’ However, the court under CPLB 3103 may by means of an application for a protective order regulate the order o.r priority of examinations when special circumstances warrant such action.
■Since the stipulation extending the defendant’s time to answer was not in writing, as required by CPLB 2104, the extension did not, in the opinion of the court, preclude plaintiffs from serving a notice to depose the defendant first, provided it was served after the expiration of 20 days from the date of service of the complaint (Samuels v. Kirsch, 12 A D 2d 823).
Furthermore, the nature of this action which is to enjoin the defendant and others from using certain trade secrets alleged to have been acquired by defendant while in plaintiffs’ employ involves a fiduciary relationship which may be deemed special circumstances entitling plaintiffs to priority of examination. Under these circumstances the court may in its discretion deviate *425 from the general rule of priority of examination (Weisinger v. Berfond, 16 Misc 2d 755).
Defendant’s motion for a protective order is denied and plaintiffs ’ motion to vacate defendant Price’s notice to examine the plaintiffs is also denied. Settle order on notice providing for the examination of the defendant Price at Special Term, Part 2, of this court at a time to be fixed therein, plaintiffs to have priority of examination. The order shall also provide that the plaintiffs submit to an examination before trial on the same date, after completion of the examination of the defendant Price by the plaintiffs, subject to such direction as the Justice presiding at Special Term, Part 2, of this court at the time of the examination shall direct.