■ In the Matter of the CITY OF NEW YORK, Appellant-Respondent, Relative to Acquiring Title to Real Property, Bounded by 2nd Avenue and Other Streets in the Borough of Manhattan, City of New York, Duly Selected as a Site for Junior High School 47 Addition and Recreational Purposes. JACOB W. FRIEDMAN, Respondent-Appellant.— In these cross appeals from a final decree, Supreme Court, New York County, entered on June 11, 1971, such decree is unanimously affirmed, without costs and without disbursements. Chiefly at issue here is the award of severance damages with respect to property remaining in the hands of claimant after award of direct damages for Damage Parcel 1-2. In late 1967 claimant, a builder, commenced the assemblage of various parcels of land with a view to ultimately erecting upon such land a 16-story nursing home. After claimant acquired several parcels, upon some of which demolition occurred, but before the total contemplated acquisition was complete, the City of New York took title to Damage Parcels 1 and 2 on May 1, 1969. Demolition of all buildings on these parcels was completed in February, 1969, about four months prior to title vesting, at which time the lots were vacant. Both experts valued the land ownership as a single entity with "before" and "after" values, resulting in estimated severance damage, though their respective totals differed. The record indicates that this was an integrated parcel to be devoted to a single use and we so find. It appears also that the highest and best use reasonably adaptable was the erection of a high-rise apartment house or a nursing home. In fact a preliminary sketch of a nursing home dated February, 1968 had been filed with the Building Department of the City of New York while negotiations were still under way for the acquisition of certain land parcels. On the record we find that severance damage was warranted and the amount of such award, as is the direct damage award, is affirmed. Concur — Stevens, P. J., McGivern, Markewich, Nunez and Kupferman, JJ.

■ BUSINESS ENVELOPE MANUFACTURERS, INC., Appellant, v. ROBERT A. WILLIAMS, Doing Business as WESTCHESTER COMPUTER SERVICE, et al., Respondents.— Order, Supreme Court, Bronx County, entered on March 10, 1972, which granted defendants' application for a protective order, unanimously reversed, on the law, on the facts and in the exercise of discretion, and the motion denied. Appellant shall recover of respondents $40 costs and disbursements of this appeal. This action was commenced by service of a summons and complaint on December 13, 1971. After extensions, issue was joined on February 9, 1972, by service of an answer and counterclaim accompanied by a demand for a bill of particulars. On February 10, 1972, and prior to any notice by defendants, plaintiff served its notice to depose defendants. On February 11, 1972, defendants served a notice to depose plaintiff. Under the statute, on this record, plaintiff is clearly entitled to priority of examination (CPLR 3106, subd. [a]; *Samuels* v. *Hirsch,* 12 A D 2d 823, 824). Concur — Stevens, P. J., McGivern, Markewich, Nunez and McNally, JJ.