■ PATRICK J. CUNNINGHAM, Respondent, v CHARLES HAGEDORN et al., Appellants.—Order of the Supreme Court, New York County, entered April 2, 1980, reversed, on the law, the facts and in the exercise of discretion, the defendants granted priority in the taking of depositions and the interrogatories stricken without prejudice to service of further interrogatories after completion of defendants' depositions, without costs. This action arises out of the indictment of plaintiff by the then Special Prosecutor Nadjari. In March, 1977, that indictment was dismissed with leave to represent. No representation was ever made. The fourth amended complaint contains three causes of action based .upon testimony allegedly given by defendants "before the grand jury maliciously, falsely, and without reasonable or probable cause that plaintiff had committed the crimes" set forth in the indictment and further alleges that such testimony "was false, fraudulent and perjured". The several causes of action assert both general and consequential damages. The second and third amended complaints were the subject of attack before us and were disposed of in a memorandum (72 AD2d 702) which granted leave to plaintiff to serve the fourth amended complaint. That complaint was served and issue has been joined by service of defendants' answer. Simultaneously with their answer, defendants served a notice to take the deposition of plaintiff. Plaintiff then moved for priority in examination based upon the following circumstances: some time prior to the service of the fourth amended complaint, plaintiff moved to depose defendants. Defendants cross-moved for a protective order. Special Term granted the motion and denied the cross motion. Defendants appealed from that order and sought and were granted a stay by this court. That appeal was dismissed as moot in our prior memorandum (72 AD2d 702, 703), with the comment that "the stay will be lifted automatically and, absent further order, plaintiff will be entitled to proceed with his examination". In so doing we intended no interference with the normal order of priority. That normal

order of priority gives a defendant the right to first examine provided he serves his notice within the time to answer the complaint or amended complaint (3A Weinstein-Korn-Miller, NY Civ Prac, par 3106.01). Hence, defendants are entitled to priority in examination. A somewhat more subtle problem is presented by the demand for interrogatories. Initially, we note that plaintiff made no motion to vacate the interrogatories and has not appealed from that portion of the order which requires him to respond thereto within 15 days after the completion of defendants' deposition—a determination with which we are in accord. However, the record discloses that the interrogatories are 25 pages in length and although the numbered questions are 53 the subdivisions bring the number to three times that figure. Many of the interrogatories are improper. Certainly, they are overly burdensome. Bearing in mind that this litigation is bitterly fought and that the answers to the interrogatories will undoubtedly bring forth a number of motions and appeals and that, in any event, most, if not all, of the interrogatories will be the subject of what will be an extensive and time-consuming examination before trial, it seems senseless to require the use of scarce judicial time on matters which will be moot by the time the examination is completed. Moreover, no time is lost by vacatur of the interrogatories since they are not to be answered until after defendants are deposed. Accordingly, we vacate the interrogatories *in toto,* without prejudice to the service of a proper set of interrogatories after the deposition of all parties has been completed. Concur—Birns, J. P., Markewich, Silverman and Bloom, JJ.