## (October 22, 1981)

■ 370 HAMILTON AVENUE, INC., Respondent, v ALLIED OUTDOOR ADVERTIS-ING, INC., Appellant, et al., Defendant. — Order, Supreme Court, Bronx

County (Mercorella, J.), entered April 9, 1981, which, *inter alia,* accorded priority of discovery to the plaintiff based upon the order of the time in which the notices to take deposition were allegedly served, unanimously reversed, on the law and the facts and in the exercise of discretion, to the extent appealed from, and provision awarding priority of discovery to plaintiff stricken, without costs. Settle order, with provision for time and place of examination. Summons and complaint were served. In lieu of answer, defendant moved for an order dismissing the complaint (CPLR 3211, subd [a], pars 1, 7, 10). The court conditionally granted the motion to the extent of directing plaintiff to serve a supplemental summons and amended complaint. The parties were directed to "[s]ettle order", but before the order was settled, defendant moved for reargument. That motion was granted, but the court adhered to its decision. Prior to the entry of the order, plaintiff served its notice to take defendant's deposition. Thereafter, notice of entry of the order was served with plaintiff's amended complaint. Defendant did not immediately answer, but filed a notice of appeal and subsequently obtained a stay of all proceedings, pending determination of the appeal. Special Term's order was later affirmed and a copy of the order of affirmance served, with notice of entry, upon defendant. On the same day, defendant served its answer on plaintiff together with its notice to take plaintiff's deposition. The parties cross-moved, each in order to compel the other to appear for deposition first, and Special Term determined the priority of examination in favor of plaintiff "based upon the order of time in which the notices to take deposition were served". Where there are no special circumstances, as here, priority of examination belongs to the defendant, provided his notice is served within the time to answer the complaint or amended complaint (CPLR 3106, subd [a]; *Cunningham v Hagedorn,* 77 AD2d 856, 857; *Goldberg v Freedman,* 33 AD2d 754; *Van Valkenburgh, Nooger & Neville v Rider Publisher,* 24 AD2d 437, 438). Defendant's notice to examine was timely served, within 10 days after service of notice of entry of the order determining the motion to dismiss (CPLR 3211, subd [f]), as extended by the stay pending appeal. The service of plaintiff's notice to examine, after Special Term's decision but before entry of its order, did not entitle plaintiff to priority. Settle order. Concur — Murphy, P. J., Carro, Markewich and Silverman, JJ.