■ JOHN RAPILLO, as Administrator of the Estate of LENA RAPILLO, Deceased, Respondent, v SAINT BARNABAS HOSPITAL, Defendant, and JOSEPH CRISCIONE, Appellant. — Order, Supreme Court, Bronx County (Kirschenbaum, J.), entered November 27, 1982, granting plaintiff's motion to strike defendants' answers for failure to appear for oral examination to the extent of directing defendants to appear for oral examination and denying defendants' cross motion for a stay of defendants' oral examination modified, on the law, without costs or disbursements, to grant defendants' cross motion to the extent of giving defendants priority of examination and, except as thus modified, affirmed. This action for wrongful death and conscious pain and suffering is based on alleged medical malpractice in defendants' care and treatment of the deceased, an uncontrolled diabetic patient. Defendant Criscione established priority of deposition by notice dated December 7, 1981 calling for oral examination of the plaintiff administrator on May 19, 1982. In the interim, plaintiff served a bill of particulars. On June 21, 1982, defendants obtained an order directing plaintiff to serve a further bill of particulars to cure an inadequate, and essentially boilerplate response to defendants' demands with respect to their respective acts of negligence. Instead of complying with the court's directive, plaintiff moved to reargue and served defendants with a notice of examination calling for the taking of depositions even before the return date of the motion to reargue. Defendants did not appear for examination, as required, and plaintiff moved to strike defendants' answers. Defendants cross-moved for a stay of their examination pending a decision on plaintiff's motion to reargue and for a direction that plaintiff also appear for examination. Special Term granted plaintiff's motion to the extent of directing defendants to appear for oral examination and denied the cross motion, finding that defendants had failed to show substantial prejudice by appearing for oral examination. We modify only to the extent of preserving defendants' right to priority. In providing that leave of the court is required before a plaintiff may, within 20 days after service of the complaint, serve a notice of the taking of a deposition, CPLR 3106 (subd [a]) impliedly mandates that the party who first notices the deposition obtains priority. The reason for the priority is fairly obvious. "[T]he defendant is blameless until the plaintiff proves him otherwise; therefore, in the absence of special circumstances, he should be given the chance to examine first in order to find out what the case is about." (3 Weinstein-Korn-Miller, NY Civ Prac, par 3106.02.) We discern no reason to deprive defendants of the priority that is rightfully theirs. That they did not conduct the deposition of plaintiff noticed for May 19, 1982 is, no doubt, partially attributable to their efforts on another front to obtain a bill of particulars which, at least as to the liability demands, would provide them with more than banal generalities. Concur — Sullivan, Asch and Milonas, JJ.

Kupferman, J. P., and Silverman, J., dissent in a memorandum by Silverman, J., as follows: We would affirm the order appealed from. While the effect of CPLR 3106 (subd [a]) is that generally defendant has priority of deposition, such priority is not really one of the foundation stones of our jurisprudence. Implicit in the right of priority of deposition is that the person with priority shall proceed promptly with the deposition. The right of priority is not a device merely to delay all depositions. Here the defendant-appellant served his notice of deposition on December 7, 1981, and in that notice stated the date of the deposition to be May 19, "1981" (*sic*), obviously an error for 1982. If defendant's contention is correct and this preserves defendant's priority of deposition, this

means that defendant claims a right, under the pretext of exercising his right of priority, to say that there should be no depositions for six months. This is clearly an abuse of the right of priority and the Special Term Justice acted within his proper discretion in not recognizing defendant's right of priority when defendant had still not taken depositions almost a year after the service of the notice of deposition. It seems from plaintiff's brief that plaintiff is not insisting on priority, if only the depositions will go forward, and it is difficult to understand why appellant is pursuing this appeal and putting the court and the parties to this unnecessary work.