## (December 19, 1983)

■ ALLEN F. BECK, Respondent, v GENERAL TIRE AND RUBBER COMPANY et al., Appellants. — In an action, *inter alia,* to recover damages for fraud, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Becker, J.), entered April 8, 1983, as, upon reargument, adhered to so much of its prior determination dated December 9, 1982 as directed all parties to appear in court on the same day for examinations before trial. Order modified, on the facts, by adding a provision directing that plaintiff first submit to an examination before trial by defendants at a time to be agreed upon by the parties, or, if the parties cannot agree, at a time to be fixed by the court upon application of one of the parties; and further directing that upon completion of plaintiff's examination, each of the defendants shall separately submit to an examination before trial, at a time to be agreed upon by plaintiff and the defendant to be examined, or, if no agreement can be reached, at a time to be fixed by the court upon application of plaintiff. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. Defendants, simultaneously with the service of their answer, served a notice to take a deposition upon oral examination of plaintiff. Plaintiff moved for, *inter alia,* a simultaneous examination of all parties. Defendants cross-moved for, *inter alia,* an order setting the priority of the examinations before trial. In an order dated December 9, 1982 the court directed, *inter alia,* that all parties appear simultaneously at a specified time and place for examinations before trial. The order failed to grant defendants' cross motion which sought an order setting the priority of examinations. Defendants moved for reargument, claiming, *inter alia,* that they should be granted an order setting the priority of examinations. They also sought a protective order pursuant to CPLR 3103 (subd [a]) prohibiting plaintiff from examining defendants in New York and reqüiring instead an examination of defendants in Ohio by either "open commission or written interrogatories" after the taking of plaintiff's examination before trial. In the order entered April 8, 1983, the court granted reargument but failed to address defendants' request for this relief. "Where there are no special circumstances * * * priority of examination belongs to the defendant, provided his notice is served within the time to answer the complaint * * * (CPLR 3106, subd [a] * * *)" (*370 Hamilton Ave. v Allied Outdoor Adv.,* 84 AD2d 518, 519; *Goldberg v Freedman,* 33 AD2d 754). Since no special circumstances are present here and defendants served their notice within this time frame, they should have been granted a priority. Defendants fail to present a sufficient reason to warrant a protective order pursuant to CPLR 3103 (subd [a]). However, it is unnecessary to require the individual defendants, who are all officers of the defendant company, to appear simultaneously in New York away from the Ohio-based company. Consequently, the individual defendants shall be examined separately. Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.