■ FERGUS ASSOCIATES, INC., Appellant, v CAROL HAYDEN, Respondent. — Order of the Supreme Court, New York County (Andrew Tyler, J.), entered December 11, 1984, modified, on the law, the facts and in the exercise of discretion to strike items 12 (b) and 17 of defendant's demand for a bill of particulars, and, except as so modified, affirmed, without costs.

In this action by an attorney placement service against a former employee, plaintiff seeks to restrain disclosure of confidential proprietary information to the employee's current employer, and damages, compensatory and punitive, in the sum of

$3 million, as well as a return of the salary paid to defendant and counsel fees.

The present controversy centers about discovery. Special Term directed that defendant have priority in the taking of depositions and denied plaintiff's motion for a protective order. We are of the opinion that Special Term's disposition was, for the most part, an appropriate exercise of discretion. However, in two respects we think its order was overly broad. In directing response to defendant's demand for a bill of particulars, it required that plaintiff set forth its gross earnings, as reported to the Internal Revenue Service, for the years 1979, 1980, 1981, 1982 and 1983 (item 12 [b]), and the exact amount of money paid to its attorneys and whether its attorneys are paid on an annual or per case basis; if the latter, copies of the bills sent by the attorneys and the amounts paid thereon (item 17). Tax returns are not discoverable "in the absence of a showing of necessity or desirability, stronger than was here presented" (*Glenmarker, Inc. v Carity*, 22 AD2d 680). The demand for the actual fees paid by plaintiff to its counsel and the basis upon which such payment was made are clearly evidentiary and, hence, improper (*Harding v Spofford Laundry Corp.*, 44 AD2d 804). Concur — Sullivan, J. P., Asch, Bloom, Fein and Milonas, JJ.