■ TERESA BUCCI et al., Appellants-Respondents, and WILLIAM RAINEY et al., Intervenors-Appellants, v THOMAS LYDON et al., Respondents-Appellants, et al., Defendants.—Two orders, Supreme Court, New York County (Andrew R. Tyler, J.), both entered June 24, 1985, which, *inter alia,* granted the motion of defendants Thomas Lydon, Colleen Lydon and Earl French for a protective order to the extent of ordering that defendants shall complete the depositions of plaintiffs previously commenced and that plaintiffs-intervenors shall commence their discovery proceedings immediately upon completion of defendants' examination and which denied plaintiffs-intervenors' cross motion to compel disclosure, for sanctions and other relief, modified, on the law and on the facts and in the exercise of discretion, to the extent of directing that plaintiffs and plaintiffs-intervenors depose defendants, upon the completion of which defendants shall depose both plaintiffs and said intervenors, and, except as thus modified, affirmed, with one bill of costs and disbursements.

By order entered February 15, 1985, Special Term, based on its finding that defendants had not been diligent in protecting their deposition priority, had upset that priority and granted plaintiffs limited priority to the extent of permitting them to examine defendants Thomas Lydon and Collen Lydon. Taken together, the two orders which are the subject of this appeal

reversed the February 15, 1985 order and reinstated defendants' priority despite their failure over the course of a year to proceed with their depositions of plaintiffs. Moreover, whether intentional or not, the second of the two orders under review permits defendants to complete the depositions of plaintiffs and allows plaintiffs-intervenors to depose defendants, but fails to make any provision for plaintiffs to take defendants' depositions. Thus, the two orders have the effect of denying plaintiffs the right to conduct any depositions of defendants or, at the very least, of unduly delaying such depositions until defendants have completed the depositions of plaintiffs and plaintiffs-intervenors have completed defendants' depositions.

As a general rule, in the absence of "special circumstances", priority of examination belongs to the defendant if a notice therefor is served within the time to answer; otherwise, priority belongs to the party who first serves a notice of examination. (CPLR 3106 [a]; *370 Hamilton Ave. v Allied Outdoor Adv.,* 84 AD2d 518; *Cunningham v Hagedorn,* 77 AD2d 856, 857; *Goldberg v Freedman,* 33 AD2d 754.) Priority is deemed abandoned, however, where a party fails diligently to pursue disclosure and is dilatory, thereby impeding the progress of the litigation. *(Rapillo v Saint Barnabas Hosp.,* 93 AD2d 760; *see also, Business Envelope Mfrs. v Williams,* 40 AD2d 597; *Jeshion v Holzer,* 13 AD2d 621.) After having correctly reordered priority in plaintiffs' favor, Special Term, without explanation or justification, abruptly reversed itself and reinstated defendants' priority. On renewal, defendants had asserted as their reason for failing to proceed diligently their involvement with other aspects of the case and possible invocation of 5th Amendment rights in view of the pendency of criminal proceedings against them for acts substantially similar to those alleged herein. These arguments should have been flatly rejected since they were never raised on the original motion despite the existence of the facts underlying them and defendants' awareness of those facts. In fact, in their original motion for a protective order seeking to affirm their priority, defendants expressly abjured the pending criminal charges as a basis for reaffirmation of their priority and castigated plaintiffs for raising the issue and attempting to "smear" them. In any event, the pendency or prospect of criminal prosecution for wrongs which also are the subject of a civil action does not excuse a party from appearing for deposition in the civil action. *(Laverne v Incorporated Vil. of Laurel Hollow,* 18 NY2d 635, *appeal dismissed* 386 US 682.) The "other commit-

ment" excuse is palpably without merit. Having failed to proceed to take plaintiffs' depositions with reasonable diligence, defendants have forfeited their priority. The orders appealed from reward defendants for having blocked all parties from taking any depositions in this proceeding and violate the holding of *Rapillo v Saint Barnabas Hosp.* (93 AD2d 760, *supra*). We modify to reinstate plaintiffs' priority and accord plaintiffs-intervenors the same right.

We have also examined the other issue raised by plaintiffs and find it to be without merit. Concur—Kupferman, J. P., Sullivan, Carro, Asch and Fein, JJ.