■ Geanina Cabreaja, Respondent, v New York City Health and Hospitals Corporation et al., Appellants.—Order of the Supreme Court, New York County (Bruce Wright, J.), entered March 13, 1986, which denied defendants' motion for an order dismissing plaintiff's complaint for failure to comply with sections 50-e and 50-h of the General Municipal Law, unanimously reversed, on the law, and the complaint dismissed, without costs.

This is a medical malpractice action based on acts allegedly committed against the infant plaintiff at or soon after her birth. Pursuant to General Municipal Law § 50-i, no such action against a municipal defendant may be maintained unless a notice of claim has been made and served in compliance with section 50-e. Section 50-h allows a municipal defendant to demand an examination of the claimant prior to the opportunity to commence an action if the demand for examination is made within 90 days of the service of the notice of claim. Here, the infant plaintiff served a notice of claim on March 19, 1985, and, on April 12th, the defendants made a timely demand for an examination, returnable on October 24th. This meant that the action could not be commenced until after the examination, which would take place some seven months later.

In the interim, the medical malpractice insurance-comprehensive reform bill became effective on July 1, 1985, as new

section CPLR 4545. Among other things, this new CPLR section mandates reduction of any medical malpractice award by the amount of any future compensation from collateral sources, such as disability or health insurance. Further, there is a provision, CPLR article 50-A, that if the recovery is in excess of $250,000, there may be a requirement that the payment be on a periodic basis rather than a single lump sum. It is the latter provision that the plaintiffs seek to avoid and would have been able to avoid if the scheduled examination had not been so long delayed. *(Cf.,* CPLR 3106; *see, Bucci v Lydon,* 116 AD2d 520.)

Subsequent to the determination of the court at Special Term, the Court of Appeals decided *Alford v City of New York* (67 NY2d 1019), and on the authority of that determination, we reverse and dismiss the complaint. There is no showing that the examination was deliberately delayed for the purpose of forcing the action under the new statute. Concur—Kupferman, J. P., Sullivan, Carro, Ellerin and Smith, JJ.