Michael Buchwald et al., Plaintiffs, v Martin Moskowitz et al., Defendants.

Supreme Court, Kings County, February 17, 1989

## APPEARANCES OF COUNSEL

*Chasin, Levine & Ross, P. C. (Irving Gertel* of counsel), for plaintiffs. *Garbarini & Scher, P. C. (Myrna A. Levinson* of counsel), for Martin Moskowitz, defendant. *Amabile & Erman, P. C. (Karen Hauss* of counsel), for Marvin Kochman, defendant.

## OPINION OF THE COURT

Nicholas A. Clemente, J.

At a conference held in order for the parties to complete a preliminary conference order pursuant to Uniform Rules for Trial Courts (22 NYCRR) part 202 a dispute arose concerning priority of deposition. The parties have in writing submitted their respective positions on this issue.

Plaintiffs are suing two doctors, Moskowitz and Kochman. Apparently plaintiffs personally served a summons and verified complaint upon the defendants on May 20, 1988. Twenty-

one days later, on June 10, 1988, the plaintiff served each doctor with a "notice to take deposition upon oral examination".

Thereafter, Kochman and Moskowitz served answers contemporaneously with notices for deposition of plaintiffs. Kochman served a notice of deposition on plaintiffs on June 16, 1988, six days after plaintiffs had served him with such notice, while Moskowitz served plaintiffs with notice for deposition on June 24, 1988, 14 days after plaintiffs had served him with such notice.

Defense attorneys for both defendants acknowledge that they failed to serve answers within the required 20-day period. They both claim, however, that they spoke with plaintiffs' attorney requesting an extension of time. Although refusing to sign a written extension of time the attorney indicated that he would indeed accept the answers.

The plaintiffs claim that since the time to answer had expired, and since their notice had been served first, they have acquired priority pursuant to CPLR 3106 (a).

CPLR 3106 (a) provides: "(a) Normal priority. After an action is commenced, any party may take the testimony of any person by deposition upon oral or written questions. Leave of the court, granted on motion, shall be obtained if notice of the taking of the deposition of a party is served by the plaintiff before that party's time for serving a responsive pleading has expired."

The general rule regarding priority of deposition is stated in *Beck v General Tire & Rubber Co.* (98 AD2d 756, *lv dismissed* 63 NY2d 603) as follows: " 'Where there are no special circumstances * * * priority of examination belongs to the defendant, provided his notice is served within the time to answer the complaint * * * (CPLR 3106, subd [a] * * *)' ". This rule is also stated in *Bucci v Lydon* (116 AD2d 520, 521) where the court added that if a notice is not served within the time to answer "priority belongs to the party who first serves a notice of examination. (CPLR 3106 [a]; *370 Hamilton Ave. v Allied Outdoor Adv.,* 84 AD2d 518; *Cunningham v Hagedorn,* 77 AD2d 856, 857; *Goldberg v Freedman,* 33 AD2d 754.) Priority is deemed abandoned, however, where a party fails diligently to pursue disclosure and is dilatory, thereby impeding the progress of the litigation. *(Rapillo v Saint Barnabas Hosp.,* 93

AD2d 760; *see also, Business Envelope Mfrs. v Williams,* 40 AD2d 597; *Jeshion v Holzer,* 13 AD2d 621.)"

There is, of course, no question that at the time defendants served their answers, they were technically late. Defendants assert, however, that plaintiffs had orally agreed to extend their time to answer. Accordingly, defendants maintain that when they served notices contemporaneously with their an- swers, it was within the time frame permitted to serve an answer and they have maintained priority.

There is no doubt that if there is a stipulation extending a defendant's time to answer, his priority of deposition is main- tained *(Williams v Weissberg Corp.,* 24 AD2d 940). Strictly speaking, however, the extension of time herein cannot be regarded as a stipulation since it is not in writing *(Preferred Elec. & Wire Corp. v Price,* 68 Misc 2d 423; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3106:2, at 350). Although tempted to reward punctiliousness, I nevertheless conclude that defendants should maintain their priority.

It should be noted that while plaintiffs did not formally extend defendants time to answer they unquestionably granted an extension. It is quite evident from the alacrity with which defendants' attorneys interposed answers that they did not intend to abandon their statutorily endowed privilege of priority. While the plaintiffs' attorney did not have a duty to advise them of the possible effect of the late answers, the court cannot permit plaintiffs to set a trap and then lay in wait, like a big game hunter, in the jungle of procedure.

This is a case, as medical malpractice plaintiffs typically recognize, where reason dictates that plaintiffs be deposed first. That, after all, is the general rule and intent of CPLR 3106 (a) (Siegel, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1989 Supp Pamph, CPLR C3106:1, at 225). Plaintiffs have not shown any compelling independent factor which might support a change of priority such as defendants having sole knowledge of the facts or that defen- dants breached a fiduciary duty *(McKenzie Mgt. & Research Co. v Lee Natl. Corp.,* 36 AD2d 602; *Preferred Elec. & Wire Corp. v Price, supra).* Nor, has there been any intimation that defendants have been dilatory in proceeding with discovery

*(cf., Bucci v Lydon, supra; Rapillo v Saint Barnabas Hosp., supra).* Accordingly, I conclude that defendant should maintain priority despite the minimal delay *(but see, Business Envelope Mfrs. v Williams, supra).*

The parties are directed to appear for a further preliminary conference at 9:30 A.M. on March 10, 1989.