*838 OPINION OF THE COURT
Alfred M. Lama, J.
Before the court is a somewhat unusual case of a motion to compel a defendant in a civil case to testify while there still are pending charges against him arising out of the same circumstances.
Defendant Steven Kowinsky, under advice of counsel, has refused to be deposed in an action arising out of a motor vehicle accident. He is also facing a charge of leaving the scene of the incident. At the various times scheduled for his deposition in the civil action, Mr. Kowinsky has been shielded by his attorney from even taking an oath preliminary to testifying regarding the circumstances. Defendant pleads the right against self-incrimination (US Const 5th, 14th Amends; NY Const, art I, § 6).
First, to clarify the right in question, both the Federal and State Constitutions prevent compulsion to testify against one’s self only "in any criminal case”. This is a civil case. However, if the defendant were compelled to testify, a transcript of his testimony might then later be admissible as an admission or confession in the criminal matter. Thus he would have no control over his right against self-incrimination in the criminal matter. Therefore, absent any authority to the contrary, defendant should not be compelled to testify in this action.
Movants, the plaintiffs in action No. 1, cite for their position that compulsion is permissible, the case of Bucci v Lydon (116 AD2d 520 [1st Dept 1986]). However, in that case which cites the earlier Court of Appeals case of Laverne v Incorporated Vil. of Laurel Hollow (18 NY2d 635 [1966]), the court relied partly upon the fact that in an earlier "motion for a protective order * * * defendants expressly abjured the pending criminal charges as a basis for reaffirmation of their priority” (supra, at 521; emphasis added). The court then went on to require the defendant to appear for deposition. Nothing in the Bucci case (supra) orders defendant to testify.
The Láveme case (supra) and all of its progeny, dating as late as the case of Miller v United Parcel Serv. (143 AD2d 820 [2d Dept 1988]), have stated that a plaintiff in a civil suit who claims the privilege will have his case dismissed if the assertion of the privilege hampers the defendant’s ability to defend. Nothing in that chain of cases would compel plaintiff or defendant to testify. What the rule is regarding a defendant’s refusal to testify is that a jury, in a civil action, may take into *839 consideration a defendant’s refusal to testify (Marine Midland Bank v Russo Produce Co., 50 NY2d 31 [1980]).
Therefore, it would appear clear that a defendant in a civil action may rely on the right against self-incrimination while testifying. However, he must appear and testify and invoke the privilege only on questions the answers to which he honestly feels could incriminate him in a criminal proceeding against him (Flushing Natl. Bank v Transamerica Ins. Co., 135 AD2d 486 [2d Dept 1987]). Defendant Kowinsky must appear and testify now and again before any trial of this action which takes place after the criminal case finally is disposed of.
Upon the notice of motion and supporting papers, answering affidavits and supporting papers, it is ordered that the motion of plaintiffs to compel defendant Steven Kowinsky to appear and be deposed in this action is granted, and it is further ordered that such deposition shall take place at the Supreme Court Building, Griffing Avenue, Riverhead, New York, on June 16, 1989 at 10:00 A.M., and it is further ordered that no adjournments of such deposition shall be permitted without prior approval of this court, and it is further ordered that should defendant Kowinsky refuse to answer any questions at the deposition, all other parties may redepose said defendant regarding such matters on which he refused to testify and said second deposition shall be held at least 10 days before any trial of the action if, and only if, the criminal charges arising out of the incident herein involved and now pending against said defendant have been fully disposed of.