■ CHURCH & DWIGHT CO., INC., Appellant, v UDDO & ASSOCIATES, INC., Respondent.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered September 20, 1989, which granted so much of defendant-respondent's motion pursuant to CPLR 3103 (a) for priority in discovery is unanimously affirmed, with costs.

Plaintiff filed a complaint on June 8, 1989 to obtain database materials developed for it by the defendant and to recoup excess moneys allegedly paid to the defendant.

At a June 21, 1989 conference with Justice Ciparick, defendant agreed to provide plaintiff with certain requested invoice materials and plaintiff promised to provide defendant with a preliminary response following a review of the invoices. Defendant provided plaintiff with the invoice material on June 22, 1989, seven days before the end of defendant's time to serve a responsive pleading. Defendant served a timely answer without any notice of discovery demands.

On July 5, six days after defendant's answer had been served, plaintiff served defendant with a notice of deposition and production of document demand, thus obtaining priority of deposition pursuant to CPLR 3106 (a). Defendant had still not received plaintiff's promised preliminary response in regards to the invoices provided.

While it is well established that priority belongs to the

party who first serves a notice of examination *(Bucci v Lydon,* 116 AD2d 520), the court may use sound discretion to regulate and prevent abuse of the discovery process by protective orders. *(Matter of U.S. Pioneer Elecs. Corp. [Nikko Elec. Corp.],* 47 NY2d 914, 916.) This includes the use of the court's discretion to grant a protective order pursuant to CPLR 3103 (a) directing that defendant have priority in the taking of a deposition. *(Fergus Assocs. v Hayden,* 111 AD2d 662, 663.)

CPLR 3103 (a) is designed to give the court broad discretion. (3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3103.01.) A court may use its discretion to allow defendants to retain priority of deposition over the plaintiff who had served a notice of deposition prior to the defendant serving the plaintiff after the 20-day period to serve a responsive pleading had expired. *(Buchwald v Moskowitz,* 142 Misc 2d 763.) There, as in the case at hand, the defendant relied on certain promises by plaintiff to its detriment. In light of the facts as presented, and the purpose of the IA System, we find Justice Ciparick did not err in her use of discretion to grant priority of deposition to the defendant. Concur—Rosenberger, J. P., Asch, Ellerin and Rubin, JJ.