■ VEERASAMMY MARIPEN et al., Plaintiffs, v WESTINGHOUSE ELECTRIC CORPORATION et al., Respondents, and V. L. FALOTICO, INC., Doing Business as SIMINS FALOTICO GROUP, INC., Appellant. (And Other Actions.)—Order of the Supreme Court, New York County (Kristin Booth Glen, J.), entered on December 15, 1989, which, *inter alia,* directed defendant V. L. Falotico, Inc., doing business as Simins Falotico Group, Inc., to make available certain documents for discovery and inspection, is unanimously affirmed, with costs and disbursements.

Defendant-appellant complains about a directive by the Supreme Court requiring additional discovery and inspection in connection with two actions seeking damages for personal injury and wrongful death arising out of an explosion at the Lutheran Medical Center in Brooklyn. In that regard, the various parties herein, despite repeated court conferences and scheduled appointments to exchange information, have not yet been able to complete discovery. According to appellant, defendant-respondent Westinghouse Electric Corporation was ac-

corded sufficient opportunity to inspect the requested documents but failed to do so. It, therefore, challenges the court's setting the matter down for discovery once again on certain specified dates. However, regardless of whether or not Westinghouse neglected to take advantage of previous chances to examine the material in question, the fact remains that the court possesses broad latitude with respect to ordering discovery and inspection (CPLR 3103 [a]; *see also, Cynthia B. v New Rochelle Hosp. Med. Center,* 60 NY2d 452; *Church & Dwight Co. v UDDO & Assocs.,* 159 AD2d 275). The record here simply does not indicate any abuse or improvident exercise of discretion on the part of the calendar court. Concur—Murphy, P. J., Sullivan, Milonas and Smith, JJ.