■ HANNAH GOLDSTEIN et al., Respondents, v ARTHUR I. WINARD, Appellant, et al., Defendant.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered June 27,

1989, denying defendant Winard's motion, pursuant to CPLR 3212, for summary judgment dismissing plaintiffs' complaint, unanimously modified, on the law, to the extent of dismissing the cause of action for punitive damages and *sua sponte* amending the *ad damnum* clause of the complaint to include a demand for punitive damages, and otherwise affirmed, without costs.

Special Term properly denied defendant's motion to dismiss the causes of action alleging breach of fiduciary duty and constructive fraud, as barred by the six year Statute of Limitations, under CPLR 213 (1). Examination of the complaint discloses that it states a claim for actual fraud, such that the action should have been commenced within six years after commission of the fraud, or two years from the time plaintiff discovered, or could with reasonable diligence have discovered, the fraud, whichever is later. *(Quadrozzi Concrete Corp. v Mastroianni,* 56 AD2d 353, *appeal dismissed* 42 NY2d 824; *cf., Schmertz v Friedlander,* 36 AD2d 606.)* We find that there exists a triable issue of fact, precluding summary judgment, with respect to whether plaintiffs, with reasonable diligence, could have discovered the fraud in 1981, as alleged by defendant. Plaintiff Goldstein's letter to Winard, complaining of defendant Marvin Rosenblatt's waste and diversion of company assets, apparently sent subsequent to finalization of William Rosenblatt's estate, is an insufficient basis upon which to impute knowledge to both plaintiffs, or to conclude that they could have discovered, with reasonable diligence, the alleged fraudulent undervaluation of William Rosenblatt's estate or that they had been fraudulently induced to renounce their rights and release defendants from liability in connection with the administration of that estate.

We also reject the claim that plaintiffs' cause of action alleging conversion is time barred, since under the circumstances presented, the time within which the action must be commenced is computed from the time plaintiffs, having the right to demand property allegedly converted, discovered facts upon which the right depends. *(Bernstein v La Rue,* 120 AD2d 476, *lv dismissed* 70 NY2d 746.)*

There is no merit to defendant's claim that the causes of action alleging wrongful conduct with respect to defendant's participation as preliminary co-executor of Cecil Rosenblatt's estate should be dismissed. Those causes of action allege sufficient facts separate and independent from the claims of misconduct in connection with William Rosenblatt's estate. Since there can be no separate cause of action for punitive

damages, plaintiffs' separate cause of action for punitive damages should be dismissed. The complaint's *ad damnum* clause, is *sua sponte,* amended to assert that claim. *(Beck v General Tire & Rubber Co.,* 98 AD2d 756, *lv dismissed* 63 NY2d 769.) Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Ross, JJ.