Feiner & Lavy, P.C. v Zohar (2021 NY Slip Op 03407)





Feiner & Lavy, P.C. v Zohar


2021 NY Slip Op 03407


Decided on June 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 01, 2021

Before: Gische, J.P., Webber, Singh, Kennedy, JJ. 


Index No. 656169/17 Appeal No. 13954 Case No. 2020-03752 

[*1]Feiner & Lavy, P.C., Plaintiff-Respondent,
v
Gadi Zohar etc., et al., Defendants-Appellants.


Levine & Blit, PLLC, New York (Matthew J. Blit of counsel), for appellants.
Law Offices of Richard G. Monaco, P.C., South Salem (Richard G. Monaco of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 27, 2020, which denied defendants' motion for summary judgment, unanimously modified, on the law, to grant defendants' motion to dismiss plaintiff's claim for punitive damages, and otherwise affirmed, without costs.
Plaintiff Feiner & Lavy, P.C., is a law firm that specializes in immigration law. Defendant Gadi Zohar, Esq. was a former associate attorney with plaintiff, and defendant Jihan Asli was its office manager for several years before joining Zohar's law firm, Zohar Law PLLC. Plaintiff alleges that defendants breached the terms of their employment agreements. According to plaintiff, Zohar entered into an employment agreement with plaintiff that included a requirement to maintain as confidential customer lists or other customer information, a noncompetition agreement, and a nonsolicitation agreement. According to plaintiff, the employment agreement prohibited Zohar from engaging in any business that conducts the same or similar business as plaintiff for a period of 36 months, within 90 miles of New York City or in the Israeli community. The agreement also purported to prohibit Zohar from directly or indirectly soliciting any business from customers or clients of plaintiff for a period of 36 months within 90 miles of New York City or in the Israeli community; or advertise on Israeli/Hebrew websites, TV or newspaper ads.
Plaintiff alleges that Asli entered into a confidentiality agreement wherein she agreed to maintain the confidentiality of customer or client information. Plaintiff alleges that Zohar breached the terms of his employment agreement by directly and indirectly engaging in the practice of immigration law in New York City and soliciting plaintiff's clients. As to defendant Asli, plaintiff alleges that she breached the terms of the confidentiality agreement by divulging confidential information pertaining to plaintiff's clients. Plaintiff contends that it is entitled to recover damages for defendants' alleged solicitation of its clients.
Defendants moved for summary judgment to dismiss the complaint, arguing that the employment agreement was null and void under Rule 5.6(a)(1) of the New York Rules of Professional Conduct, as it barred Zohar from representing clients and performing legal work within 90 miles of New York City. They argued that the noncompete clause should not be saved by partial severance to bring it into compliance with Rule 5.6(a)(1) because it was so overly broad that it constituted anticompetitive conduct and demonstrated plaintiff's lack of good faith in protecting its business interest. In addition, they argued that Zohar did not solicit plaintiff's clients, but its clients sought out Zohar after they were informed that he was no longer with plaintiff's law firm.
Supreme Court denied defendants' motion, finding issues of fact as to the enforceability of the employment agreements and whether or to what extent defendants solicited [*2]plaintiff's clients. In addition, the court found that the parties' submissions presented issues of credibility for a jury to determine.
We find that Supreme Court properly denied defendants' motion for summary judgment in that there remain issues of fact as to whether the non-solicitation clause is enforceable, and whether defendants solicited plaintiff's clients or disclosed confidential client information in violation of their respective agreements with plaintiff.
Rule 5.6(a)(1) of the Rules of Professional Conduct (22 NYCRR 1200.0) bars lawyers from "participat[ing] in offering or making a partnership, shareholder, operating, employment, or other similar type of agreement that restricts the right of a lawyer to practice after termination of the relationship," except under limited circumstances that are not relevant to this appeal. To the extent the noncompete provision in the employment agreement that Zohar executed with plaintiff seeks to prevent him from "conducting business activities that are the same or similar to those of [plaintiff]" within 90 miles of New York City or in the Israeli community, it is void and unenforceable (see Cohen v Lord, Day & Lord , 75 NY2d 95 [1989]; see also Denburg v Parker Chapin Flattau & Klimpl , 82 NY2d 375, 381 [1993]).
However, the noncompete clause here may be enforceable to the extent that it prohibits Zohar from soliciting plaintiff's clients (see Graubard Mollen Dannett & Horowitz v Moskovitz , 86 NY2d 112, 119-120 [1995]; see e.g. Feldman v Minars , 230 AD2d 356 [1st Dept 1997]).
Defendants' submissions failed to establish that the nonsolicitation clause was unenforceable as an undue restriction on Zohar's ability to practice law (see Cohen , 72 NY2d 95), or that Zohar did not solicit plaintiff's clients, through Asli, in violation of his employment agreement, which would be actionable (see generally Greenwich Mills Co. v Barrie House Coffee Co. , 91 AD2d 398, 404-405 [2d Dept 1983]). As for plaintiff's claims against Asli, rule 5.6(a)(1) precludes agreements that "restrict[] the right of a lawyer to practice after termination of the relationship," and is thus inapplicable to the enforceable confidentiality agreement that she executed with plaintiff. Accordingly, defendants' argument that this agreement was void and unenforceable, based solely on rule 5.6(a)(1), is unavailing.
In any event, plaintiff raised triable issues of fact through its submission of affidavits from its clients, averring that Asli directly contacted them to solicit their business on behalf of Zohar Law PLLC. The statements contained in these affidavits directly conflict with defendants' affidavits, and raised a triable issue of fact as to whether and to what extent defendants solicited plaintiff's clients, in violation of the agreement (see Ocap Acquisition Corp. v Paco Pharm Servs. , 209 AD2d 232, 232 [1st Dept 1994]).
Plaintiff's claims for punitive damages should have been dismissed, as "there can be no separate cause of action [*3]for punitive damages" (Goldstein v Winard , 173 AD2d
201, 202-203 [1st Dept 1991]), and plaintiff's allegations do not support a demand for such damages.
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2021